**Clifton SMITH and Clara Smith a/k/a Clara Johnson, Appellants,**

v.

**AMARILLO HOSPITAL DISTRICT, Appellee.**

No. 07–82–0143–CV.

Court of Appeals of Texas, Amarillo.

May 29, 1984.

West Texas Legal Services, Samuel T. Jackson, Amarillo, for appellants.

Sanders, Kiser & Baker, Richard A. Keffler, Jr., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is a suit on an account. Appellant Clifton Smith, and his common-law wife Clara Johnson, were sued by appellee Amarillo Hospital District for medical services received but not paid for by Smith. Smith appeals from a judgment favorable to the Hospital District, advancing five points of error. We reverse and remand.

Smith's second point of error, by which he questions the trial court's personal jurisdiction of him, is determinative of this appeal and will be resolved first. The Hospital District filed suit against Smith on January 27, 1981, and the original petition was served on him the next day. By that petition, the Hospital District sought to recover $1,477.60 from Smith for medical services rendered in April and May of 1980. Smith did not file an answer or respond in any other way to the suit.

On April 28, 1981, the Hospital District filed an amended petition, increasing the desired recovery to $2,724.00 because of another period of hospitalization. Smith was not served with the amended petition.

On September 9, 1981, the case was called for trial. The Hospital District and Mrs. Johnson, through counsel, announced ready. After the Rule [1] was invoked and the witnesses sworn and instructed, the following transpired:

THE COURT:

❖     ❖     ✳     ❖     *     *

The rest of you please remain outside in the hallway until you are called. You too, sir.

MR. HOLLINGSWORTH: That's Mr. Smith, Judge. He's a party.

THE COURT: He's a party? Mr. Smith, step forward here, then.

MR. SMITH: Was I supposed to go outside?

THE COURT: Come on up here, Mr. Smith. Do you have a lawyer in this case?

MR. SMITH: No, I don't.

THE COURT: You haven't filed an Answer in the case yet either. Are you Clifton Smith?

MR. SMITH: Yes, sir.

THE COURT: Mr. Roe, would you obtain a chair for Mr. Smith so that he can sit at the counsel table?

Mr. Smith, sit at the end of this table right here.

The record will reflect that the witnesses are all outside the courtroom except for Mr. Sanders, Ms. Miranda, Ms. Johnson and Mr. Smith.

Plaintiff may call its first witness.

The foregoing exchange reflects Smith's only participation in this case, until after the trial. He never filed any documents or requested any action prior to trial or, except as set out above, said anything during the trial.

■  The stated facts present two issues for resolution: In order to vest the trial court with personal jurisdiction of Smith under the amended petition, (1) was the

---

1. Tex.R.Civ.Pro. 267.

Hospital District required to serve Smith with the amended petition and (2) did Smith's activities at trial constitute a voluntary appearance, under Tex.R.Civ.Pro. 120, thus waiving any service requirement? We conclude that service of the amended petition was required, that Smith's presence at the trial was not sufficient to constitute an appearance and that the trial court did not have personal jurisdiction of him. Therefore, its judgment against him is voidable and, because the recitals of jurisdiction which appear in the judgment are not controlling in this direct attack, *H.L. McRae Co. v. Hooker Const. Co.*, 579 S.W.2d 62, 64 (Tex.Civ.App.—Austin 1979, no writ), the judgment must be voided. *Waldron v. Waldron*, 614 S.W.2d 648, 650 (Tex.Civ.App.—Amarillo, no writ).

■ An amended petition must be served on a defendant who has not appeared, if the amended petition "seeks a more onerous judgment than prayed for in the original pleading." *Weaver v. Hartford Acc. & Indem. Co.*, 570 S.W.2d 367, 370 (Tex. 1978); *accord, Sanchez v. Texas Industries, Inc.*, 485 S.W.2d 385, 367 (Tex.Civ. App.—Waco 1972, writ ref'd n.r.e.). In this case, with no appearance by Smith, the Hospital District filed an amended petition alleging an additional period of hospitalization and substantially increasing the amount of damages. Under the stated rule, the District was required to serve that amended petition on Smith. Because it did not do so, the trial court did not have personal jurisdiction over Smith, under the amended petition, unless his trial activities constituted a voluntary appearance.

■ To determine whether a party has made a voluntary appearance, the nature and quality of the party's activities must be examined. The general rule, stated many years ago in *St. Louis & S.F.R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918), is that a general appearance occurs when the party "invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction." *Accord,*

*Toler v. Travis County Child Welfare Unit*, 520 S.W.2d 834, 836 (Tex.Civ.App.— Austin 1975, writ ref'd n.r.e.); 2 R. Mc-DONALD, TEXAS CIVIL PRACTICE § 9.04.C (1982). As pointed out in the cited section in *McDonald*, the emphasis "is on affirmative action which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance." *See Investors Diversified Services, Inc. v. Bruner*, 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.); *Cornelius v. Early*, 24 S.W.2d 757, 761 (Tex.Civ.App.— Eastland 1930), *aff'd*, 120 Tex. 335, 39 S.W.2d 6 (1931). Thus, a party who examines witnesses or offers testimony has made a general appearance. *Wichita County v. Robinson*, 155 Tex. 1, 276 S.W.2d 509, 512 (Tex.1954). On the other hand, a party who is "a silent figurehead in the courtroom, observing the proceedings without participating ..." has not. *Toler v. Travis County Child Welfare Unit, supra*, 520 S.W.2d at 837.

In this case, we must conclude that Smith did not make a general appearance. He did nothing except sit at the counsel table, at the court's request, after being called forward, apparently from the audience. He filed no pleadings, neither took nor requested affirmative action and did not participate in anything that occurred. He was, at best, a silent figurehead observing the proceedings. Thus, the trial court did not have personal jurisdiction over him and its judgment against him is a nullity. Point of error two is sustained.

■ Because the trial court did not have personal jurisdiction of Smith at the time of the trial, the issues raised by Smith's remaining points of error, which pertain to events occurring during the trial, are immaterial and will not be resolved. However, Smith's activities after entry of judgment, by which he sought a new trial, were sufficient to constitute a general appearance from that time forward, *Hanover*

*Mod. Homes of Taft, Inc. v. Corpus Christi B. & T.*, 476 S.W.2d 97, 102 (Tex. Civ.App.—Corpus Christi 1972, no writ), permitting us to remand the case instead of dismissing it.

Accordingly, the judgment of the trial court is reversed and the case is remanded.