**Jeff BRADFORD, Appellant,**

v.

**Peggy T. BRADFORD, Appellee.**

No. 05–96–01102–CV.

Court of Appeals of Texas, Dallas.

March 26, 1998.

---

596

Michael P. Wortham, Nacol Wortham & Associates, P.C., Dallas, for appellant.

D. Woodard Glenn, D. Woodard Glenn, P.C., Dallas, for appellee.

Before CHAPMAN, MORRIS and WRIGHT, JJ.

## OPINION

WRIGHT, Justice.

Jeff Bradford appeals a default judgment entered in favor of Peggy Bradford in a divorce suit. In two points of error, appellant contends the trial court erred by failing to grant his motion for new trial because (1) he made an appearance in the case and was, therefore, entitled to notice of the trial setting, and (2) pursuant to *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), he is entitled to a new trial. We sustain appellant's first point of error, reverse the trial court's judgment, and remand for a new trial.

### Factual and Procedural Background

Appellee filed suit for divorce from appellant in September 1995. Two weeks later, a hearing on temporary orders was held before a master. The master's recommendation recites that appellant, appellee, and appellee's attorney appeared at the hearing. Based on the master's recommendation, the trial court issued "Agreed Temporary Orders." The order recites that appellant "appeared and announced ready." On the order, the trial court noted that "Jeff Bradford agreed but did not sign."

In December 1995, a second hearing was held before the master. Again, the master's recommendation recites that appellant appeared. Further, the master noted that appellant testified at the temporary hearing. After the second hearing, the trial court signed further temporary orders. Again, the order recites that appellant appeared and announced ready.

In April 1996, the trial court signed a default judgment against appellant. At the time of trial, appellant had not filed an answer. Appellant was not given notice of the trial setting, and he did not appear at the trial.

Appellant filed a timely motion for new trial. In the motion, appellant maintained that he was entitled to a new trial because he had appeared in the case and due process entitled him to notice of the trial setting, and he met the *Craddock* requirements. *See Craddock*, 133 S.W.2d at 126 (court should

set aside default judgment and grant new trial if defendant can show (1) failure to file an answer or appear at a hearing was not intentional or the result of conscious indifference, but was a mistake or accident, (2) a meritorious defense, and (3) a new trial will not result in delay or prejudice to the plaintiff). Following a hearing, the trial court denied appellant's motion for new trial. Appellant then filed a motion for reconsideration which was overruled by operation of law. This appeal followed.

A trial court has wide discretion in denying a motion for new trial and we will not disturb its action on appeal absent a showing of an abuse of discretion. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Fluty v. Simmons Co.*, 835 S.W.2d 664, 666 (Tex.App.—Dallas 1992, no writ). A trial court abuses its discretion by acting arbitrarily and without reference to guiding rules and principles. *See Fluty*, 835 S.W.2d at 666.

Once a defendant has made an appearance in a case, he is entitled to notice of a trial setting as a matter of due process. *LBL Oil Co. v. International Power Serv., Inc.*, 777 S.W.2d 390, 390–91 (Tex.1989) (citing *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)). A default judgment hearing is a "trial setting" because it is dispositive of the case. *See LBL Oil*, 777 S.W.2d at 390–91; *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex.App.—Houston [1st Dist.] 1995, no writ). A trial court's failure to comply with the rules of notice deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Delgado v. Hernandez*, 951 S.W.2d 97, 99 (Tex.App.—Corpus Christi 1997, no writ).

To determine whether a party has "appeared," we must examine the nature and quality of the party's activities in the case. *Serna v. Webster*, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ). A party appears when the party

invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction. The emphasis is on affirmative action which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance. *Id.*(citing *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918)). Thus, a party who examines witnesses or offers testimony has made an appearance for all purposes. *See Wichita County v. Robinson,* 155 Tex. 1, 276 S.W.2d ˙509, 512 (1954); *Serna,* 908 S.W.2d at 492; *Smith v. Amarillo Hosp. Dist.,* 672 S.W.2d 615, 617 (Tex.App.—Amarillo 1984, no writ). On the other hand, a party who is a "silent figurehead in the courtroom, observing the proceedings without participating," has not. *Smith,* 672 S.W.2d at 617.

■ Here, the record indicates that appellant was present at two temporary hearings. The master's recommendations following both hearings recite that appellant appeared. The temporary order issued by the trial court following the first hearing recites that appellant appeared. On the order, the trial court noted that appellant agreed to the order. Thus, appellant invoked the judgment of the trial court. Further, the master's recommendation following the second hearing contains a notation by the master that appellant testified about the balance of his checking account. A party who offers testimony has made an appearance for all purposes. *See Wichita County,* 276 S.W.2d at 512. After reviewing the entire record, we conclude appellant appeared in this lawsuit.

■ In reaching this conclusion, we necessarily reject appellee's argument that the "references to appellant contained in several of the temporary orders ... are not competent evidence that appellant appeared." When a judgment recites that a particular party appeared, the recital is presumed true. *Serna,* 908 S.W.2d at 489 n. 1 (citing *Dodson*

*v. Seymour,* 664 S.W.2d 158, 161–62 (Tex. App.—San Antonio 1983, no writ)). Appellee has failed to rebut this presumption. Furthermore, although appellee maintains there is "no evidence in the record that [a]ppellant testified," we disagree. We direct appellee's attention to the master's finding in the December master's recommendation reflecting that appellant *testified* that "he ha[d] between $60 and $70 in his bank account."

Because appellant appeared in this lawsuit, he was entitled to notice of the default judgment hearing as a matter of due process. It is undisputed that he was not given notice of the hearing. Consequently, we conclude the trial court abused its discretion by denying appellant's motion for new trial. We sustain point of error one. Because of our disposition of point of error one, we need not consider point of error two. *See* TEX.R.APP. P. 47.1.

Accordingly, we reverse the trial court's judgment and remand this cause for a new trial.