COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-335-CV
 
  
W. 
H. SEALS, INDIVIDUALLY, AND                                         APPELLANT
AS 
INDEPENDENT EXECUTOR OF
THE 
ESTATE OF INEZ SEALS,
DECEASED
  
V.
  
UPPER 
TRINITY REGIONAL                                                       
APPELLEE
WATER 
DISTRICT
 
 
------------
 
FROM 
THE PROBATE COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        In 
this eminent domain case, Appellant W. H. Seals appeals the trial court’s 
judgment granting Appellee Upper Trinity Regional Water District property rights 
from Appellant for the installation of water lines and awarding Appellant 
$16,735.  We reverse.
Factual and 
Procedural Background
        On 
June 22, 2000, Appellee filed a petition and statement of condemnation seeking 
property rights from Appellant and his wife Inez Seals in order to install water 
lines.  The trial court entered a temporary injunction granting Appellee 
access to Appellant’s property in order to survey the right-of-way and 
appointed three special commissioners to assess the value of the land subject to 
condemnation.  The special commissioners awarded Appellant $16,735, which 
Appellant appealed by filing a plea to the jurisdiction and objections to the 
special commissioners’ award in the trial court on September 13, 2000.  
Appellant did not serve Appellee with citation.  Meanwhile, on or about 
September 7, 2000, Appellant sent a letter to the court, which the trial court 
treated as an ex parte communication. Consequently, the trial court conducted a 
status conference hearing regarding the ex parte communication on September 26, 
2000.  Both parties attended and participated in the hearing.
        There 
was no further action by either party or the court until July 1, 2002, when 
Appellant filed a “suggestion of death” in connection with the passing of 
his wife.  The following January, this case was placed on the dismissal 
docket.  Before the dismissal hearing, Appellant’s counsel filed a motion 
to withdraw as counsel and substitute new counsel on February 6, 2003.  
Appellant’s new counsel filed an amended petition arguing that the trial court 
did not have authority to condemn Appellant’s property under House Bill 3112, 
which expressly limits Appellee’s eminent domain powers.  See Act 
of May 20, 1989, 71st Leg., R.S., ch. 1053, § 21, 1989 Tex. Gen. Laws 4269, 
4273.  On May 27, 2003, Appellee filed a response to Appellant’s amended 
petition as well as a motion to render and enter final judgment based on 
Appellant’s failure to effect service of process on Appellee.  The trial 
court conducted a hearing, for which Appellant failed to appear, and granted 
Appellee’s motion.  The trial court’s June 4, 2003 judgment stated, in 
pertinent part:  
 
[O]n 
May 27, 2003, Condemnee filed its Motion To Render And Enter Final Judgment 
pointing out to the Court that the Condemnee has made no effort to issue service 
of process or obtain a waiver of citation or legal process on their notice of 
appeal. This Court acquired in rem jurisdiction because of the filing of the 
notice of appeal. However, it has never acquired in personam jurisdiction over 
UPPER TRINITY because of the absence of citation. . . . The legal effect of 
failing to acquire in personam jurisdiction is that Condemnee has failed to 
diligently pursue his appeal. Under the authority of Musquiz v. Harris County Flood Control District, 
31 S.W.3d 664, 667, this case should be dismissed for want of prosecution and a 
final judgment rendered upon the minutes of this Court awarding title and 
possession of the easement rights to UPPER TRINITY and the award of the Special 
Commissioners confirmed as the final judgment of this Court.
 
 
        After 
learning of the trial court’s judgment, Appellant filed a motion to reinstate 
and motion for new trial. On August 11, 2003, a hearing was held on 
Appellant’s motions for reinstatement and new trial and Appellee’s motion to 
enter judgment.  The trial court vacated its prior judgment and reinstated 
Appellant’s objections, emphasizing that the case was reinstated as it existed 
on June 1, 2003.  The trial court heard argument regarding its in personam 
jurisdiction over Appellee, reserving judgment on that issue for a later date.
        The 
trial court later adopted the special commissioners’ findings as the judgment 
of the court, effectively dismissing Appellant’s objections to the special 
commissioners’ award.  The trial court filed findings of fact and 
conclusions of law, concluding that Appellant did not invoke the trial court’s 
in personam jurisdiction until May 27, 2003.  The trial court further 
concluded that Appellant’s nearly three year delay in invoking its 
jurisdiction was unreasonable.
In Personam 
Jurisdiction
        In 
his first issue, Appellant argues that Appellee made several general appearances 
in the trial court, which dispensed with the need for citation and invested the 
trial court with in personam jurisdiction over Appellee.  In light of the 
unique procedural process involved in eminent domain cases, it is first 
necessary to determine at what point the trial court obtained judicial, rather 
than administrative jurisdiction over this case.
        The 
Texas land condemnation scheme is a two-part procedure involving an 
administrative proceeding, and if necessary, a judicial proceeding.  Amason 
v. Natural Gas Pipeline Co., 682 S.W.2d 240, 241 (Tex. 1984).  The 
administrative phase occurs when a condemning authority files a statement in a 
trial court seeking condemnation of property.  See id.  Although 
filed in the trial court, the original statement seeking condemnation only 
invokes the trial court’s administrative jurisdiction.  See id. at 
242.  Upon the filing of this statement, the trial court is to appoint 
three special commissioners who assess the damages and then file an award which, 
in their opinion, reflects the value of the sought-after land.  See id. at 
241-42; see also Tex. Prop. Code 
Ann. § 21.014-.016 (Vernon 2004).  A party to a condemnation 
proceeding may object to the special commissioners’ findings by filing a 
written statement of the objections. Tex. Prop. Code Ann. § 21.018(a) 
(Vernon 2004).
        The 
judicial phase of the proceeding is invoked when, as here, a party files 
objections to the special commissioners' award. Id. § 21.018(b) (“If a 
party files an objection to the findings of the special commissioners, the court 
shall cite the adverse party and try the case in the same manner as other civil 
causes.”); see also State v. Bristol Hotel Asset Co., 65 S.W.3d 638, 
646 (Tex. 2001) (Baker, J. dissenting); Metro. Transit Auth. v. Graham, 
105 S.W.3d 754, 761 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); In 
re State, 85 S.W.3d 871, 876 (Tex. App.—Tyler 2002, orig. proceeding) 
(op. on reh’g).  Thus the judicial phase of the proceeding in this case 
began on September 13, 2000, when Appellant filed his objections to the award of 
the special commissioners.
        Appellant 
argues that Appellee invoked the trial court’s judicial jurisdiction when it 
filed its statement of condemnation on June 22, 2000, because the statement 
included a request for an injunction granting access to Appellant’s property 
in order to survey it.  Under Texas Rule of Civil Procedure 120, a 
defendant may enter an appearance in open court, which has “the same force and 
effect as if the citation had been duly issued and served as provided by law.” 
 Tex. R. Civ. P. 120.  Appellant 
reasons that because an injunction is a purely judicial function, Appellee 
“was before the trial court for all purposes, including the Seals’ 
objections to the special commissioners’ award.”  We disagree.  
Under Appellant’s reasoning, Appellee invoked the trial court’s judicial 
jurisdiction over the condemnation proceeding almost three months before 
Appellant ever filed his objection.  Here, the trial court entered a 
temporary injunction granting Appellee access to Appellant’s property in order 
to survey the right-of-way.  If we follow Appellant’s line of thinking, 
Appellee’s request for access to survey the property invoked the trial 
court’s jurisdiction, relieving Appellant of his obligation to notify Appellee 
of his subsequent objection to the commissioners’ award.  See Tex. Prop. Code Ann. § 21.014-.016 
(setting out requirements for invoking judicial jurisdiction).  We do not 
believe that Rule 120's intent is to force condemnors to choose between the 
right to be informed when the condemnee challenges the special commissioners’ 
award and the right to obtain access to the land subject to condemnation.
        We 
further note that Appellee’s request for access to the property in order to 
survey the right-of-way is more analogous to the pretrial discovery conducted 
when a defendant makes a special appearance.  See Coastal Marine Serv. 
of Tex., Inc. v. City of Port Neches, 11 S.W.3d 509, 514 (Tex. 
App.—Beaumont 2000, no pet.) (stating city's injunctive request and the trial 
court's order contemplated a preliminary investigation and examination of the 
sort that would seem to be necessary incidents of the right to condemn in 
determining that city had implied statutory authority to conduct an initial 
environmental site assessment).  Under Rule 120a, 
 
a 
special appearance may be made by any party . . . for the purpose of objecting 
to the jurisdiction of the court over the person or property of the defendant on 
the ground that such party or property is not amenable to process issued by the 
courts of this State. . . . The issuance of process for witnesses, the taking of 
depositions, the serving of requests for admissions, and the use of discovery 
processes, shall not constitute a waiver of such special appearance.
 
 
Tex. R. Civ. P. 120a(1).
        In 
eminent domain cases, the condemnor’s request for access to survey the 
property during the trial court’s administrative jurisdiction occurs before 
the trial court has obtained judicial jurisdiction, which is only achieved when 
the condemnee files an objection in the trial court to the special 
commissioners’ award.  We do not construe the rules of civil procedure, 
read together with the appropriate provisions of the property code, to allow for 
a general appearance in a trial court before that court’s judicial 
jurisdiction is invoked.  Rather, in the context of eminent domain cases, a 
general appearance, for purposes of waiving citation, cannot occur until after 
the trial court has judicial jurisdiction over the pending cause.  
Therefore, in determining whether Appellee made a general appearance in the 
trial court, we look to its actions in the court beginning on September 13, 
2000—the date that Appellant filed his objections to the special 
commissioners’ award and consequently invoked the trial court’s judicial 
jurisdiction.
        For 
any court to obtain in personam jurisdiction, a party must be given notice of 
the pending action. Cotton v. Cotton, 57 S.W.3d 506, 511 (Tex. 
App.—Waco 2001, no pet.).  A failure to satisfy the notice component of 
in personam jurisdiction may, however, be waived.  Id. By waiving 
notice, the party is said to have made a general appearance.  Id.  
A condemning authority, like any other party, may waive the issuance of citation 
by making a general appearance.  Amason, 682 S.W.2d at 242; Gordon 
v. Conroe Indep. Sch. Dist., 789 S.W.2d 395, 397 (Tex. App.—Beaumont 1990, 
no writ); State v. Reeh, 434 S.W.2d 416, 418 (Tex. Civ. App.—San 
Antonio 1968, writ ref’d n.r.e.).  Without notice via the required 
service of citation or a waiver thereof, nothing short of a general appearance 
will confer personal jurisdiction upon the trial court.  Cotton, 57 
S.W.3d at 511; C.W. Bollinger Ins. Co. v. Fish, 699 S.W.2d 645, 655 (Tex. 
App.—Austin 1985, no writ).
        To 
constitute an answer or appearance, the party must seek a judgment or a decision 
by the court on some question.  United Nat'l Bank v. Travel Music of San 
Antonio, Inc., 737 S.W.2d 30, 32 (Tex. App.—San Antonio 1987, writ ref'd 
n.r.e.) (citing Investors Diversified Servs., Inc. v. Bruner, 366 S.W.2d 
810, 815 (Tex. Civ. App.—Houston 1963, writ ref'd n.r.e.)).  A general 
appearance is normally in the form of an answer to the claims made in the suit. Cotton, 
57 S.W.3d at 511.  The emphasis is on a request for affirmative action 
which impliedly recognizes the court's jurisdiction over the parties, since the 
mere presence of a party or his attorney in the courtroom at the time of a 
hearing or a trial, where neither participates in the prosecution or defense of 
the action, is not an appearance.  Serna v. Webster, 908 
S.W.2d 487, 492-93 (Tex. App.—San Antonio 1995, no writ); Smith v. Amarillo 
Hosp. Dist., 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ).  
A party who examines witnesses or offers testimony has made a general 
appearance.  See Wichita County v. Robinson, 276 S.W.2d 509, 512 
(Tex. 1954); Bradford v. Bradford, 971 S.W.2d 595, 598 (Tex. 
App.—Dallas 1998, no pet.); Serna, 908 S.W.2d at 492; Smith, 672 
S.W.2d at 617.  On the other hand, a party who is a silent figurehead in 
the courtroom, observing the proceedings without participating, has not. Bradford, 
971 S.W.2d at 598; Smith, 672 S.W.2d at 617.  Whether or not the 
party making a general appearance intended that result is immaterial in 
determining jurisdiction.  Toler v. Travis County Child Welfare Unit, 
520 S.W.2d 834, 836-37 (Tex. Civ. App.—Austin 1975, writ ref’d n.r.e.).
        As 
previously stated, Rule 120a provides a vehicle by which a party may file a 
pleading without making a general appearance when the party objects to the 
jurisdiction of the court over the person or property of the defendant on the 
ground that such party or property is not amenable to process issued by the 
courts of this state.  Tex. R. Civ. 
P. 120a.  The words “not amenable to process” mean that the 
special appearance is available solely to establish that the court cannot, under 
the federal and state constitutions and the appropriate state statues, validly 
obtain jurisdiction over the person or the property of the defendant with regard 
to the cause of action pled.  GFTA Trendanalysen B.G.A. Herrdum GMBH 
& Co., K.G. v. Varme, 991 S.W.2d 785, 786 (Tex. 1999).
        After 
the judicial phase of this case commenced on September 13, 2000, Appellee:
 
1) 
appeared and participated in a status conference hearing on September 26, 2000;
 
2) 
notified the trial court, in writing, that it had no objections to Seals’ 
motion to withdraw and substitute counsel on February 11, 2003;
 
3) 
filed a response to Appellant’s first amended plea to the jurisdiction, 
special exceptions, objections, and declaratory judgment on May 27, 2003;
 
4) 
filed a motion to render and enter final judgment on May 27, 2003;
 
5) 
filed a response to Appellant’s motion to reinstate on June 25, 2003 and 
participated in a hearing on that motion;
 
6) 
filed a response to Appellant’s motion for new trial on July 10, 2003; and
 
7) 
participated in a hearing on Appellee’s motion to enter judgment on October 
28, 2003.
 
 
        Appellant 
contends that Appellee’s participation at the status conference hearing on 
September 26, 2000, constituted a general appearance.  As previously 
mentioned, this hearing was set on the trial court’s own motion after 
Appellant sent a letter to the court.  The court clerk sent a 
notice-of-hearing letter, which directed the attorneys of record to appear 
before the court.  Appellee argues that it participated in the hearing only 
to the extent of responding to the court’s questions and sought no affirmative 
relief that would invoke the trial court’s in personam jurisdiction.  
Conversely, Appellant argues that Appellee went beyond acting as a silent 
figurehead in the courtroom.  Rather, Appellant asserts that Appellee 
sought affirmative action from the trial court, pointing to two separate 
instances.
        First, 
Appellant asserts that Appellee made a general appearance when it stated on the 
record that it had no objection to the court calling Appellant as a witness 
despite not being under oath.  Appellee’s statements, in pertinent part, 
were as follows:
 
THE 
COURT: I have no objection to you calling your witness on this. Mr. Kelsey, do 
you have any objection?
 
MR. 
KELSEY [Appellee’s counsel]: No, Your Honor, I do not mind if Mr. Seals makes 
his statement, not being under oath.
 
THE 
COURT: All right. And --
 
MR. 
KELSEY: If I feel it’s necessary to place him under oath, I may ask that it be 
done later.
 
Appellant 
additionally points to the following testimony as further evidence of 
Appellee’s general appearance:
 
MR. 
KELSEY: May it please the Court, I believe the only thing that’s relevant is 
to take the letter of September 7th, 2000, and compare that to the pleading 
which has been filed entitled Plea to the Jurisdiction and Objections to the 
Award of Special Commissioners.  I think the Supreme Court has told us that 
anything that a party files must be considered by the Court and categorized as 
an answer or whatever it is.
 
And 
I think that we need to clarify in the status conference whether this letter of 
September 7th, 2000, is to be regarded as a pleading and given the substance of 
a pleading, or whether the pleading, the applicable pleading, is [a] plea to the 
jurisdiction and objections to the award of Special Commissioners.
 
I 
think that when someone files something with the Court and is unskilled on how 
to label it, then it becomes the responsibility of the Court to fit it into the 
Rules of Civil Procedure or give the party an opportunity to do so 
voluntarily.  And I think that’s the only thing that’s really 
applicable to this status conference is how to relate the September 7th letter, 
which I notice has been file stamped, and the plea to the jurisdiction.  
And I think that’s really the only issue that I know that’s -- that I would 
ask that the Court address in this status conference.
 
I 
do want to make it clear on the record, Your Honor, that we’re here by the 
call of the Court.
 
THE 
COURT: And, Mr. Kelsey, you are correct.  The Court did set a status 
hearing based upon having received from one of the litigants certain documents 
and information from Mr. Seals. . . .
 
And 
your request is to either have the Court or have Ms. Storey [Appellant’s 
counsel] voluntarily agree that the document filed by Mr. Seals on September 7th 
is a -- is a responsive pleading to the amended petition and that the plea to 
the jurisdiction should be entitled, whether it’s amended or, well, a 
supplemental answer.  Is that what you’re stating?
 
MR. 
KELSEY: Yes, Your Honor.  I think that I understand Mr. Seals is unskilled 
in his legal pleadings, but he is represented by able counsel who understands 
the Rules of Civil Procedure.  I would ask that the Court inquire of 
counsel whether counsel wishes to incorporate the September 7th letter as part 
of the plea to the jurisdiction under Rule 58, which is incorporation by 
reference, or whether it’s to be regarded as a separate plea and whether or 
not that letter of September 7th is adopted by attorney of record as an active 
pleading.  I just need to know what is the active pleading.
  
        Although 
Appellee attempted to avoid invoking the trial court’s jurisdiction by stating 
on the record that it was, “here in response to the call of the Court” and 
“not asking for any affirmative relief,” the record reveals that 
Appellee’s participation at the hearing constituted a general 
appearance.  Appellee stated that it had no objection to Appellant’s 
unsworn testimony, reserved the right to place Appellant under oath, and asked 
the trial court to determine the scope of the pleadings in this case.  
Appellee’s actions rose above the level of merely acting as a silent 
figurehead in the courtroom and represent affirmative action which impliedly 
recognized the trial court’s jurisdiction over the parties and the pendency of 
the proceeding.  See Bradford, 971 S.W.2d at 598.  This is 
especially true in light of the fact that Appellee did not assert that it was 
not amenable to process prior to, contemporaneous with, or during the 
hearing.  Under the Texas Rules of Civil Procedure, “[e]very appearance, 
prior to judgment, not in compliance with [the special appearance] rule is a 
general appearance.” Tex. R. Civ. P. 120a(1). We hold that 
Appellee’s actions at the September 26, 2000 status conference hearing 
constituted a general appearance and that the trial court therefore had personal 
jurisdiction over Appellee in September 2000.  Accordingly, we sustain 
Appellant’s first issue and remand this cause to the trial court to proceed on 
Appellant’s First Amended Plea to the Jurisdiction; Special Exceptions; 
Objections, and Declaratory Judgment.
        Appellant’s 
remaining issues relate to Appellee’s authority to take the property in 
question, the trial court’s subject-matter jurisdiction, and objections to the 
special commissioners’ award.  Because these issues were not fully heard 
by the trial court and Appellant’s first issue is dispositive of this appeal, 
it is not necessary to address Appellant’s remaining issues.  See Tex. R. App. P. 47.1.
Conclusion
        We 
reverse the trial court’s judgment and remand the cause to the trial court to 
proceed on Appellant’s First Amended Plea to the Jurisdiction; Special 
Exceptions; Objections, and Declaratory Judgment.
  

 
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
  

 
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
July 15, 2004