

# MEMORANDUM OPINION

No. 04-08-00493-CV

Victor **MORENO** and Xtreme Collision & Automotive,
Appellants

v.

Herbert Lawrence **POLINARD**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-02456
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
 Steven C. Hilbig, Justice
 Marialyn Barnard, Justice

Delivered and Filed:  February 25, 2009

REVERSED AND REMANDED

 Victor Moreno and Xtreme Collision & Automotive appeal a default judgment granted in

favor of Herbert Lawrence Polinard.  In three issues, Moreno and Xtreme assert the trial court erred

in granting the default judgment because: (1) they entered an appearance but did not receive any

notice of the default judgment hearing; (2) the return citations were not on file ten days prior to the

default judgment; and (3) the pleadings do not support the judgment.  Because we hold that Moreno

and Xtreme entered an appearance but did not receive notice of the default judgment hearing, we reverse the trial court's judgment and remand the cause for further proceedings.[1]

## DISCUSSION

Xtreme and Moreno first assert that the trial court erred in granting the default judgment because Moreno entered an appearance but did not receive any notice of the default judgment hearing. Unquestionably, if Moreno and Xtreme had entered an appearance, the default judgment in this case must be reversed because they did not receive notice of the hearing. *See LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989).

The reporter's record from the temporary injunction hearing held on February 28, 2008, reveals that Moreno was present at that hearing *pro se*. Polinard appears to argue that Moreno's presence at the hearing did not constitute an appearance.

Whether a party has "appeared" depends on the nature and quality of the party's activities in the case. *See In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.—Amarillo 2005, no pet.); *Serna v. Webster*, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ) (quoting *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ)). "[A] party who examines witnesses or offers testimony has made an appearance for all purposes." *Bradford v. Bradford*, 971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.). "On the other hand, a party who is a 'silent figurehead in the courtroom, observing the proceedings without participating' has not." *Id*. (quoting *Smith*, 672 S.W.2d at 617).

In this case, the reporter's record from the temporary injunction hearing establishes that Moreno offered testimony and cross-examined witnesses at the hearing; accordingly, Moreno made

---

[1] Because appellants' first issue is dispositive of this appeal, we do not address their other issues. *See* TEX. R. APP. P. 47.1.

an appearance for all purposes. *Bradford*, 971 S.W.2d at 598. Because Moreno made an appearance, he was entitled to notice of the default judgment hearing. *See LBL Oil Co.*, 777 S.W.2d at 390-91; *see also Coastal Bank SSB v. Helle*, 48 S.W.3d 796, 798, 801 (Tex. App.—Corpus Christi 2001, pet. denied) (reversing default judgment against defendant who appeared at temporary injunction hearing but was not given notice of default judgment hearing).

The next question to be addressed is whether Moreno's appearance also constituted an appearance by Xtreme. A defendant may appear in person, by attorney, or by a duly authorized agent. TEX. R. CIV. P. 120. We note that Moreno's appearance would not constitute an appearance by Xtreme if Xtreme was a corporation. *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). The record, however, does not reflect that Xtreme is a corporation.[2] Moreno testified at the temporary injunction hearing that Xtreme is a "d/b/a." Because Xtreme is just an assumed name under which Moreno conducts business, Moreno's appearance at the temporary injunction hearing also constituted an appearance by Xtreme. *See* TEX. R. CIV. P. 28 (noting individual doing business under assumed name may be sued in assumed name but true name may be substituted on motion by any party or on the court's own motion).

### CONCLUSION

Because Moreno had made an appearance personally and on behalf of Xtreme but neither was given notice of the default judgment hearing, the trial court's default judgment is reversed, and the cause is remanded for further proceedings.

Marialyn Barnard, Justice

---

[2] Polinard's petition identifies Xtreme as "a resident of Bexar County, Texas."