Opinion issued
June 2, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-10-00297-CV

———————————

John Dewitt Duggan, Appellant

V.

Karen
Anne Carsey, Appellee



 



 

On Appeal from the 308th
District Court

Harris County, Texas



Trial Court Case No. 2008-03717

 



 

 

MEMORANDUM OPINION

          John
Dewitt Duggan brings this restricted appeal to set aside the trial court’s
default final decree of divorce.  The
trial court rendered the final decree of divorce requested by his wife, Karen
Anne Carsey, after Duggan failed to appear for trial.  Duggan contends there is error on the face of
the record because he did not receive the required notice of the trial setting,
the trial court granted more relief than Carsey requested in her petition, and
the evidence from the default judgment hearing is insufficient to support the
trial court’s judgment.  We conclude that
the trial court did not provide Duggan with the required 45 days’ notice of the
trial setting.  

We reverse and remand for further
proceedings.  

Background

          Carsey filed a petition for
divorce on January
18, 2008.  Duggan responded by filing a hand-written letter to the trial court on February 25, 2008.  In the letter Duggan stated:

I am writing to you in the matter of . . . the marriage
of Karen Anne Carsey and John Dewitt Duggan case no. 2008-03717.  I wish to contest this divorce and I want
nothing decided or finalized in this matter. 
I will completely discharge my sentence and will be released in August
of this year.  I want nothing done in
this matter until I can retain legal coun[se]l and I can be present.

 

In
another hand-written letter filed March 13, 2008, Duggan again requested that
the trial court not consider the divorce before Duggan was released in August
and could be present.  He also asked that
the trial court notify him of “any further court dates, discussions, or
temporary orders.” 

          On August 17, 2009, the trial
court sua sponte dismissed the case for want of prosecution. 
Carsey filed a motion to reinstate the case and the
trial court granted the motion on September 9, 2009.  The order reinstating the divorce action
included a hand-written note that trial was set for October 12, 2009—33 days from the date
the court signed the order reinstating the case.  The docket entry for September 9 also notes
that the case was reinstated and final trial set for October 12.  

          Duggan did
not appear for trial on
October 12, 2009.  After stating
that it would consider Duggan’s letter to constitute an answer, the trial court
stated it would “proceed with a default.” 
The only witness at the trial was Carsey.  The trial court rendered a default final
decree of divorce that same day.  

          The next day,
October 13, the trial court clerk filed a letter from Duggan.  The letter is dated October 2, 2009 and in it
Duggan informed the court: 

Today I received notice of trial.  The trial is set for October 12, 2009 at 9:00
a.m.  I am currently incarcerated in the
Harris County Jail, 1200 Baker St, and I am concerned as to whether or not I
will be taken to the trial.  I pray the
court will do what it takes to see that I am there.  I do not have an attorney nor do I have a way
to get one at this time.

 

The letter also states that Duggan was “not contesting the
divorce” rather he wanted “to assure the property is split and divided
equally.” 

Restricted
Appeal

          To
prevail on a restricted appeal, a defendant must establish that (1) it filed
notice of the restricted appeal within six months after the judgment was
signed; (2) it was a party to the underlying lawsuit; (3) it did not
participate in the hearing that resulted in the judgment complained of and did
not timely file any post-judgment motions or requests for findings of fact and conclusions of law;
and (4) error is apparent on the face of the record.  See Tex. R. App. P. 26.1(c), 30; Alexander
v. Lynda’s Boutique, 134
S.W.3d 845, 848 (Tex. 2004).  The record conclusively
establishes that Duggan filed this appeal within six months of the judgment and
that he was a party to the underlying lawsuit. 
The only requirements at issue are whether Duggan
filed a post-judgment motion or request for findings of fact and conclusions of
law and whether any error appears on the face of the record.

A.      Post-Judgment
Filings

          Rule 30 of the Texas Rules of Appellate Procedure provides,
in pertinent part, that a restricted appeal may be taken if a party “did not
timely file a post-judgment motion or request for finding of fact or
conclusions of law.”  Tex. R. App. P.  30.  A
motion for new trial or to modify, correct, or reform a judgment is due within
30 days after the judgment is signed.  Tex. R. Civ. P 329b(1).  A request for findings of fact and
conclusions of law is due within 20 days after the judgment is signed.  Tex.
R. Civ. P. 296.

          The trial court rendered judgment in
this case on October 12, 2009.  Thus, a
timely request for findings of fact and conclusions of law was due by November
1, 2009; a timely motion for new trial by November 11.  There is no request for findings of fact or
conclusions of law in the record.  The
record does contain, however, several hand-written letters from Duggan
challenging the trial court’s default decree of divorce.  The earliest filed-stamped date on any of the
letters is February 18, 2010, more than 30 days after the trial court’s October
12 decree.  The record contains two
handwritten documents without file-stamps entitled “Motion for Extension of
Time to Appeal Default Divorce” and “Motion to Overturn Default Divorce.”  However, the motion for extension of time
contains the statement from Duggan that he first learned of the October 12,
2009 default judgment on January 25, 2010. 
This is well after the time in which Duggan could have filed a motion
for new trial or other post-judgment motion. 
Accordingly, we conclude the record shows that Duggan did not timely
file a post-judgment motion or request for findings of fact and conclusions of
law. 

B.      Error on the
Face of the Record

          The “face of the record” means the
papers on file with the trial court when it rendered judgment.  Campsey
v. Campsey, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.)
(citing Gen. Elec. Co. v. Falcon Ridge
Apts., 811 S.W.2d 942, 944 (Tex. 1991)). 
Therefore, on appeal we may not consider evidence that was not before
the trial court when it rendered judgment. 
Id. (citing Barker CATV Constr., Inc. v. Ampro, Inc.,
989 S.W.2d 789, 794 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

           Duggan raises several grounds to show error on
the face of the record.  We address his
contention that the trial court erred by rendering a default final decree of
divorce without giving him the required amount of notice.  

          1.       Duggan’s Appearance

Generally,
a plaintiff may take a default judgment against a defendant who fails to file
an answer.  See Tex. R. Civ. P.
239; Rojas v. Scharnberg, No.
01-09-01039-CV, 2011 WL 941616, at *2 (Tex. App.—Houston [1st Dist.] Mar. 17,
2011, no pet.) (mem. op.).  A defendant who fails to answer or
appear is not entitled to notice of a hearing on the motion for default
judgment.  Wilson v. Wilson, 132 S.W.3d 533, 536 (Tex. App.—Houston [1st
Dist.] 2004, pet. denied).  A defendant
who appears in the case, however, is entitled under the due process clause to
notice of a trial on the merits or a hearing on a motion for default
judgment.  LBL Oil Co. v. Int’l Power Servs.,
Inc.,
777 S.W.2d 390, 390–91 (Tex. 1989);
In
re Marriage of Runberg, 159 S.W.3d 194, 197 (Tex.
App.—Amarillo 2005, no pet.) (holding that husband’s appearance in divorce suit
entitled him to notice of final hearing). 
“A defendant who timely files a pro
se answer by a signed letter that identifies the parties, the case, and the
defendant’s current address, has sufficiently appeared by answer and deserves
notice of any subsequent proceedings.”  Guadalupe Econ. Servs. Corp. v. Dehoyos,
183 S.W.3d 712, 716–17 (Tex. App.—Austin 2005, no pet.) (citing Smith v. Lippmann, 826 S.W.2d 137, 138
(Tex. 1992) (per curiam)).

          Duggan filed a signed, hand-written letter with the
trial court on February 25, 2008 identifying the case number and the parties,
and stating that he wished to contest the divorce.  Duggan’s current address appears on the
attached envelope and he listed his prisoner ID number within the body of the
letter.  At the default hearing, the
trial court stated, “Okay. I guess it can be considered an answer.”  Because Duggan satisfied the requirements for
a pro se answer and the record shows the trial court treated his letter as an
answer, we conclude Duggan was entitled to notice of the trial setting.  See id. (holding pro se letter constituted
answer even though it did not identify case number or all defendants because
letter substantially complied with pro se answer standard).

          2.       Failure to Provide 45 Days’ Notice

Texas Rule of
Civil Procedure 245 requires that parties in a contested case be given no less
than 45 days’ notice of the first trial setting.  See Tex. R. Civ. P. 245.  The failure to provide the defendant with the
required notice of the first trial setting in a contested case deprives the
defendant of his constitutional right to be present and to voice his objections
in an appropriate manner.  LBL Oil, 777 S.W.2d at
390–91; Bradford v. Bradford, 971 S.W.2d 595, 597 (Tex. App.—Dallas
1998, no pet.).  “A
fundamental element of due process is adequate and reasonable notice of
proceedings.”  Murphree v. Ziegelmair,
937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ) (quoting Green
v. McAdams, 857 S.W.2d 816, 819 (Tex. App.—Houston [1st Dist.] 1993, no
writ)).  The requirement that a defendant
receive notice of a trial setting applies to a hearing on a default judgment
because it constitutes a “trial setting” dispositive of the case.  Bradford, 971 S.W.2d at 597; Murphree, 937 S.W.2d at 495.

If the defendant does not have notice of the trial
setting as required by Rule 245, the default judgment should be set aside.  Blanco
v. Bolanos, 20 S.W.3d 809, 811–12 (Tex. App.—El Paso 2000, no pet.)
(holding default judgment improper because defendant did not receive 45 days’
notice of final trial as required by Rule 245). 
Because we presume a trial court will hear a case only after notice has
been given to the parties, the defendant bears the burden to “affirmatively show
lack of notice.”  Campsey, 111 S.W.3d at 771; Blanco,
20 S.W.3d at 811–12.

          The trial court signed an order on
September 9, 2009 reinstating the case on the docket and a handwritten note on
the order states that final trial was set for October 12, 2009.  A corresponding docket entry for September 9
also notes that the case was reinstated with final trial set for October
12.  The record demonstrates that, at
most, Duggan would have received 33 days’ notice of the final trial setting on
the merits instead of 45 days as required by Rule 245.  See Tex. R. Civ. P. 245.  Duggan, therefore, did not receive the
required notice and the default judgment was granted in violation of Duggan’s
due process rights.  See Rojas, 2011 WL 941616, at *4.

Because error is apparent on the
face of the record based on the failure to give proper notice, we need not
consider the remaining grounds raised as error. 
See Tex. R. App. P. 47.1.  We sustain Duggan’s sole
issue

Conclusion

          We reverse
the default judgment and remand this cause for further proceedings.  All outstanding motions are denied as moot.

 

 

                                                                   Harvey
Brown

                                                                   Justice


Panel consists of Chief Justice Radack and Justices Sharp
and Brown.