**AFFIRM; Opinion Filed September 22, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00926-CV

## IN THE INTEREST OF A.L.S., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-22-03274**

## MEMORANDUM OPINION
Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

Father appeals a final order in a suit affecting the parent–child relationship.

The original petition in the suit was filed by the Office of the Attorney General on

behalf of the State of Texas ("the State"), in which the State requested the court

appoint conservators for A.L.S., child, and order current and retroactive child

support. Mother filed an answer and counterpetition. Mother then sought and

obtained an order referring the suit from the child-support court, also known as the

Title IV-D Court,[1] to a district court. After the district court conducted a trial at

---

[1] "Title IV-D" refers to the portion of the federal Social Security Act of 1975, which in part requires every state to manage a child support enforcement program, and the Child Support Division of the Office of the Attorney General is the official "Title IV-D agency" in Texas. *See*

which Father did not appear, it rendered default judgment against him and signed a final order appointing Mother as sole managing conservator and Father as possessory conservator of A.L.S.

In his first issue, Father argues the trial court erred by awarding default judgment against him, arguing that he had appeared in the case and did not receive notice of the trial. In his second issue, Father urges that his appeal should be considered and granted as a restricted appeal because he did not participate in the hearing that resulted in the final order and did not file a post-judgment motion within the time permitted by law. We affirm the trial court's June 8, 2022 Order in Suit Affecting the Parent–Child Relationship. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On March 4, 2022, the State filed its original petition in this case in which it was alleged that A.L.S. was born the previous year and resided with Mother. It was further alleged that Father's paternity was established when a properly executed acknowledgment of paternity was filed with the Vital Statistics Unit. Soon thereafter, Mother filed an answer and counterpetition in which she objected to the assignment of the matter to a child-custody court associate judge. She also sought to be appointed sole managing conservator of A.L.S. and that Father be ordered to

---

https://www.texasattorneygeneral.gov/child-support/who-we-are/title-iv-d-and-child-support-texas (last visited Aug. 15, 2023). In further response to Title IV-D, the state created child support courts, or "IV-D Courts." *See* https://www.txcourts.gov/about-texas-courts/childrens-courts/ (last visited Aug. 15, 2023).

pay child support. Consistent with her earlier objections to the assignment of an associate judge, Mother then filed a motion seeking referral of the matter to the district court.[2] On May 10, the retired associate judge sitting for Title IV-D Court #1 signed an order referring the case to the presiding judge of the district court. *See* TEX. FAM. CODE § 201.104(a) (providing for associate judge to refer case back to presiding judge for final disposition on motion of party or associate judge).

On June 7, the district court judge conducted a hearing on the case, at the beginning of which she found Father was served by citation and that he had not filed any answer thereafter. The court's docket sheet noted that Father did not appear at the hearing, and that Mother and the State appeared. At the hearing, Mother testified regarding an agreed order she and the State had drafted and presented same to the court for approval. The day following the hearing, June 8, the trial court signed a final order, noting Father, although duly and properly cited, did not appear and wholly made default and appointing Mother as sole managing conservator and Father as possessory conservator of A.L.S. Father's appeal followed.

## DISCUSSION

In his second issue, Father argues that he has met all the requirements of a restricted appeal and thus this case should be remanded to the trial court for further proceedings. To sustain a proper restricted appeal, the filing party must prove: (1)

---

[2] In Texas, associate judges and administrative assistants are employed to hear and dispose of Title IV-D child support establishment and enforcement cases. *See* https://www.txcourts.gov/about-texas-courts/childrens-courts/ (last visited Aug. 15, 2023).

–3–

he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* TEX. R. APP. P. 26.1(c), 30.[3]

We conclude Father timely filed his August 30, 2022 notice of appeal within six months of when the final order was signed on June 8, he did not participate in the June 7 hearing, nor did he file any post-judgment motions or requests for findings of fact and conclusions of law. On appeal, Father argues that the error apparent on the face of the record is the trial court's failure to notify him of the June 7 hearing, which is also the argument raised in his first issue. Thus, we now address his first issue to determine whether he has shown any error on the face of the record.

In his first issue, Father argues the trial court erred by granting default judgment against him after failing to notify him of the June 7 hearing.

In order for a "no-answer" default judgment to stand, due process requires that the defendant must have been formally served with process. *See Montero v. Am.*

---

[3] We address this second issue first because the first three requirements for a restricted appeal are jurisdictional, although the fourth is not. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020); *see also State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (citing *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)) ("As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court.").

*Exp. Bank, FSB*, No. 05-11-00899-CV, 2012 WL 2089534, at *1 (Tex. App.—Dallas June 11, 2012, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87 (1988)). Similarly, due process also requires that a party who appears in the case is entitled to notice of a trial setting or hearing on a motion for default judgment. *See In re Marriage of Villa*, No. 05-12-00233-CV, 2013 WL 1838620, at *2 (Tex. App.—Dallas Mar. 25, 2013, no pet.) (mem. op.) (citing *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 391 (Tex. 1989) (per curiam); *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.) (default judgment hearing constitutes a "trial setting" dispositive of the case)).

Here, the record confirms that Father was served with citation and the petition and that he did not answer. Father argues that he was still entitled to notice of the June 7 hearing because he had made an appearance in the case. He urges that the fact that his email address was copied on the May 10 order referring the case to district court is sufficient to establish he made an appearance.

To determine whether a party has "appeared," we must examine the nature and quality of the party's activities in the case. *Bradford*, 971 S.W.2d at 597. A party appears when the party invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by previous ruling of the court sustaining the jurisdiction. *See id.* at 597–98. The emphasis is on affirmative action, which impliedly recognizes the court's jurisdiction over the parties, since the mere presence of a party or his attorney in the

courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance. *See id.* at 598 (citing *St. Louis & S.F.R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918)). Thus, for example, a party who examines witnesses or offers testimony takes affirmative action and will have made an appearance for all purposes. *See id.* On the other hand, a party who is a "silent figurehead in the courtroom, observing the proceedings without participating," has not. *Id.* (quoting *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ)).

Here, Father's argument rests on the inclusion of what he claims is his email address on an order. But nothing in the record indicates he took any "affirmative action" in the proceedings so as to constitute an appearance. We have previously held that where, as here, a defendant is served with the citation and petition, he has received all the notice to which he is entitled. *See Veasey v. Veasey*, No. 05-13-00680-CV, 2014 WL 1410520, at *1 (Tex. App.—Dallas Apr. 10, 2014, no pet.) (mem. op.) (citing *Cont'l Carbon Co. v. Sea–Land Serv., Inc.*, 27 S.W.3d 184, 188–89 (Tex. App.—Dallas 2000, pet. denied)). Thus, the trial court did not err in entering a default judgment against him.

We overrule Father's first issue.

Further, as discussed above, in his second issue, Father argues that the error apparent on the face of the record is the trial court's failure to notify him of the June 7 hearing. Having concluded in the first issue that the trial court was not required to

do so, we conclude there is no error apparent on the face of the record.  Accordingly, we overrule Father's second issue.[4]

## CONCLUSION

We affirm the trial court's June 8, 2022 Order in Suit Affecting the Parent–Child Relationship.

/Nancy Kennedy/
NANCY KENNEDY
220926F.P05                                        JUSTICE

---

[4] We note that in a restricted appeal, defective service of process constitutes error apparent on the face of the record. *Samuels & Sons, LLC v. Williamson*, No. 05-21-00123-CV, 2022 WL 3054084, at *1 (Tex. App.—Dallas Aug. 3, 2022, no pet.) (mem. op.) (citations omitted).  However, Father does not challenge the service of process, nor do we conclude any such defects exist in the record on appeal.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.L.S., A CHILD

No. 05-22-00926-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-22-03274. Opinion delivered by Justice Kennedy. Justices Carlyle and Smith participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's June 8, 2022 Order in Suit Affecting the Parent–Child Relationship.

It is **ORDERED** that appellees Brittany Virden and the State of Texas through the Attorney General recover their costs of this appeal from appellant Kevin Matthew Sanchez.

Judgment entered this 22nd day of September 2023.