

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00132-CV

_____

IN THE INTEREST OF N.L.D., A CHILD

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 75,763

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Jimmy Black, and wife, Angela Black, and Geraldine Black,[1] jointly filed a child custody action wherein they sought the managing conservatorship of N.L.D., the minor child of Tamara Haines.[2] In their petition, the Blacks alleged that Haines had neglected and physically abused N.L.D. Although Haines was duly served with citation, she filed no written answer to the petition.

However, the papers served on Haines informed her of the setting of a hearing on preliminary orders and Haines did appear at that hearing. At the time set for that hearing, the trial court acquiesced to Haines' oral request for a continuance, resetting the preliminary hearing for two days later and ordering Haines to submit to a drug test in the interim. Haines neither submitted herself to drug testing as ordered nor appeared at the rescheduled hearing. At the eventual hearing on temporary orders, the trial court heard evidence from the Blacks and entered a temporary order awarding temporary managing conservatorship to the Blacks. When the time period for Haines to file a response to the petition had expired, a brief hearing was held and, based upon the evidence from the temporary hearing, the trial court entered a final order, appointing the Blacks as joint managing conservators of N.L.D. and the child's parents as possessory conservators.

---

[1] Geraldine, Jimmy, and Angela are collectively referred to herein as "the Blacks."

[2] N.L.D.'s father, Robert Lee Dobbins, was incarcerated at the time the petition was filed. After receiving service, he filed a written answer, consenting to the Blacks' petition. The final order appointed him as possessory conservator.

On appeal, Haines argues that the trial court erred because: (1) the Blacks lacked standing; (2) Haines received no prior notice of the final hearing; (3) there was no evidence to support the trial court's appointment of the Blacks as managing conservators; (4) there was insufficient evidence that the Blacks' appointment was in the child's best interests; and (5) it failed to award Haines specific periods of visitation.

We reverse and remand the trial court's final judgment because: (1) Jimmy and Angela lack standing; and (2) Haines' appearance at the preliminary hearing amounted to an "appearance," which entitled her to notice of the hearing.

## I.      Factual and Procedural History

Geraldine Black is the paternal great-grandmother and Jimmy and Angela are the paternal great-uncle and great-aunt of N.L.D. Believing that Haines was abusing and neglecting N.L.D., the Blacks filed a petition seeking to be named managing conservators of the child. The court issued a temporary restraining order and order setting the case for hearing for temporary orders.

There were two documents served on Haines July 28, 2010, both of which incorporated the Blacks' petition by reference and both of which warned her that "[i]f you or your attorney do not file a written answer with the Clerk . . . by 10:00 A.M. Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Those documents were not identical. One was a notice of a hearing on temporary orders which directed Haines to appear at the August 10, 2010, temporary orders hearing. The

3

other was to inform her of the filing of the petition for conservatorship of her child, N.L.D., the body of it reiterating the requirement to file a written response before 10:00 a.m. "the Monday next following the expiration of twenty days after you were served" of the citation. Haines did not file such a written answer within the time period set out in those citations.

However, Haines did personally appear at the time and place set for the hearing on temporary orders. At the time set for the hearing, there was no formal evidence introduced, but Haines informed the court of the child's whereabouts and told the trial court that she has been approved for free legal assistance, saying that she had an appointment with her legal aid attorney the following day. Based on that, she requested a continuance in order that her attorney could attend the hearing. The trial court granted Haines' motion and reset the hearing for two days later, August 12, 2010. The trial court also orally ordered Haines to submit herself for testing on the presence of illicit drugs in the interim, providing her with instructions as to the site of the entity which would draw the fluids for administration of the test.

Haines failed to attend the August 12, 2010, hearing[3] and also did not appear for the drug testing. At that hearing on temporary orders, Angela and Jimmy testified regarding various instances of Haines' drug use, violent behavior, and neglect of the child. The trial court entered temporary orders, appointing the Blacks as temporary managing conservators of the child and allowing Haines visitation at "such times as might be mutually agreed between the parties."

---

[3]In her motion to set aside the default judgment, she alleged that while driving to the hearing, her car broke down and when she called the court to inform them of her situation, she was told that the hearing would be reset.

4

When Haines failed to file an answer, the Blacks obtained a final hearing on the same day Haines' answer was due, August 23, 2010. The Blacks alleged that Haines was in default, and based upon their motion, the trial court took judicial notice of the testimony from the August 12, 2010, hearing, as well as Haines' failure to submit to the drug test as ordered. The trial court's final order named the Blacks as joint managing conservators, named Haines and N.L.D.'s father as possessory conservators, directed N.L.D.'s parents to pay child support as per the "minimum guidelines," and allowed Haines visitation with the child "by agreement."

Haines timely filed a motion to set aside the default judgment and a motion for new trial. Because the trial court made no ruling on these motions, they were deemed denied. TEX. R. APP. P. 21.8(c). Haines filed this appeal.

## II.    Analysis

### A.    Issue of Standing on the Part of the Blacks

In her first point of error, Haines contends that: (1) Jimmy and Angela lack standing because they are not related to N.L.D. within three degrees of consanguinity; and (2) Geraldine lacks standing because the trial court failed to find that "the child's present circumstances would significantly impair the child's physical health or emotional development."[4]

Standing, which is implicit in the concept of subject-matter jurisdiction, is a threshold issue in a child custody proceeding. *See In re M.T.C.*, 299 S.W.3d 474, 479 (Tex. App.—Texarkana

---

[4]At trial, Haines failed to raise the issue of standing, however, standing, as a necessary component of a court's subject-matter jurisdiction, cannot be conferred by consent or waiver, and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993).

2009, no pet.); *In re SSJ–J*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.); *see also Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44. Whether a party has standing to pursue a cause of action is a question of law. *See SSJ–J*, 153 S.W.3d at 134. In our de novo review of the trial court's determination of standing, we must take as true all evidence favorable to the challenged party and indulge every reasonable inference and resolve any doubts in the challenged party's favor. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *Smith v. Hawkins*, No. 01–09–00060–CV, 2010 WL 3718546, at *3 (Tex. App.—Houston [1st Dist.] Sept. 23, 2010, pet. filed) (mem. op., not designated for publication); *M.T.C.*, 299 S.W.3d at 479; *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party. *See Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *Office of Atty. Gen. of Tex. v. Crawford*, 322 S.W.3d 858, 862 (Tex. App.—Houston [1st Dist.] 2010, pet. filed). In Texas, a party's standing in a suit involving the parent-child relationship is governed by the Texas Family Code, and a party seeking relief in such suits must plead and establish standing within the parameters of the language used in the Code. *See In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, no pet.); *see also* TEX. FAM. CODE ANN. §§ 102.003–.007 (Vernon 2008 & Supp. 2010). If a party fails to establish this standing, the trial court must dismiss the suit. *See In re C.M.C.*, 192 S.W.3d 866, 870 (Tex. App.—Texarkana 2006, no pet.).

6

The Blacks allege they have standing pursuant to Section 102.004 of the Texas Family Code,[5] which provides, in relevant part:

> (a)    In addition to the general standing to file suit provided by Section 102.003, a grandparent, or another relative of the child related within the third degree by consanguinity, may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that:
>
> > (1)    the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or
> >
> > (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.

The list of relatives who are within the third degree of consanguinity, and may have standing pursuant to Section 102.004(c) of the Texas Family Code, are the:

> (1)    parent or child (relatives of the first degree);
>
> (2)    brother, sister, grandparent, or grandchild (relatives in the second degree); and
>
> (3)    great-grandparent, great-grandchild, aunt who is a sister of a parent of the individual, uncle who is a brother of a parent of the individual, nephew who is a child of a brother or sister of the individual, or niece who is a child of a brother or sister of the individual (relatives of the third degree).

TEX.GOV'T CODE ANN. § 573.023(c) (Vernon 2004).

Pursuant to their own pleadings and testimony, Jimmy and Angela are N.L.D.'s great-uncle and great-aunt, and are, therefore, not related to N.L.D. within three degrees of

---

[5]There is no pleading or evidence that the Blacks have standing under the general standing provisions of Section 102.003 of the Texas Family Code.

7

consanguinity. Accordingly, they do lack the requisite standing and we must sustain Haines' first point of error as it pertains to Jimmy and Angela.

As N.L.D.'s paternal great-grandmother, Geraldine is related to N.L.D. within three degrees of consanguinity. *See* TEX. GOV'T CODE ANN. § 573.023(c). In order for Geraldine to have standing, Section 102.004(a)(1) requires the court to make a threshold finding based on a preponderance of the evidence that the child's present circumstances would significantly impair the child's physical health or emotional development. *In re A.M.S.*, 277 S.W.3d 92, 96 n.4 (Tex. App.—Texarkana 2009, no pet.) (citing *In re R.D.Y.*, 51 S.W.3d 314, 325 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Von Behren v. Von Behren*, 800 S.W.2d 919, 921 (Tex. App.—San Antonio 1990, writ denied)). Although the trial court made no such finding, no findings of fact and conclusions of law were requested and none were filed. In such situations, we are to infer from the judgment of the trial court that all necessary findings exist to support it, provided the proposition is raised in the pleadings, supported by evidence, and the trial court's theory is consistent with the evidence and the applicable law. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Schoeffler v. Denton*, 813 S.W.2d 742, 744 (Tex. App.—Houston [14th Dist.] 1991, no writ). Therefore, the issue is whether the evidence in this case establishes by a preponderance of the evidence that the child's present circumstances would significantly impair the child's physical health or emotional development. *Von Behren*, 800 S.W.2d at 921 (standard for determining whether grandparent's proof is satisfactory is preponderance of evidence standard).

8

In this case, the trial court took judicial notice of Haines' failure to submit to the drug test, together with the evidence and testimony adduced at the August 12 temporary hearing. Angela testified that Haines admitted to methamphetamine use and that Haines had a history of drug use. It was also disclosed that portions of Haines' internet Facebook page used the phrase, "Fire it up" and further stated that Haines had celebrated "National Weed Day." Angela testified that Haines would leave the child at Angela's home, but fail to provide any formula or diapers. N.L.D. suffers from a heart condition, but Haines had been known to fail to take the child to appointments with a physician, causing Angela and her family to perform this task. In the spring of 2010, Haines left the child at Angela's residence when N.L.D. was so ill that Angela and her family found it necessary to take the child to a hospital emergency room for treatment. Angela testified that Haines was very angry with her for doing so. Angela testified further that with N.L.D. in the car, Haines had attempted to run N.L.D.'s father over with her car and that she was physically abusive to N.L.D.'s father. Jimmy testified that if asked the same questions as Angela, his answers would be consistent with hers.

There is ample evidence supporting the trial court's implied finding. Accordingly, Geraldine has standing to petition for custody under Section 102.004 of the Texas Family Code, and we overrule this point of error as to Geraldine.

9

**B.** **Haines' appearance at the preliminary hearing amounted to an "appearance," entitling her to notice of the hearing**

In her second point of error, Haines argues that entry of the final order determining conservatorship violated her right to due process of law because she did not receive notice of the final hearing; continuing, she maintains that because she received no notice of the setting prior to the entry of the order, the trial court erred by not granting her motion to set aside the default judgment and her motion for new trial.

A trial court's decision to overrule a motion to set aside a default judgment and grant a new trial is subject to review for abuse of discretion. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding rules and principles. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). Likewise, a trial court abuses its discretion if it declines to exercise a power of discretion vested in it by law when the circumstances require that the power be exercised; or if it arrives at its choice in violation of an applicable legal rule, principle, or criterion. *See Koch v. Koch*, 27 S.W.3d 93, 95 (Tex. App.—San Antonio 2000, no pet.); *Landon v. Jean–Paul Budinger, Inc.*, 724 S.W.2d 931, 939–40 (Tex. App.—Austin 1987, no writ).

A trial court does not abuse its discretion in denying a motion for new trial when the granting of a new trial is dependent on questions of fact to be decided by the trial court, unless the evidence presented conclusively establishes factual bases mandating the granting of a new trial. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000).

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v Sunshine Bus Lines*, *Inc.*, 133 S.W.2d 124, 126 (Tex. Com. App. 1939).

The issue is whether Haines' presence on the scheduled August 10, 2010, hearing date amounted to an "appearance" which entitled her to notice of the final hearing in the matter. Whether a party has "appeared" depends on the nature and quality of the party's activities in the case. *See In re Marriage of Runberg*, 159 S.W.3d 194, 198 (Tex. App.—Amarillo 2005, no pet.); *Serna v. Webster*, 908 S.W.2d 487, 492 (Tex. App.—San Antonio 1995, no writ) (citting *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ)). The nature and quality of activities to be considered encompass the filing of written documents, *see LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390 (Tex. 1989) (per curiam), and personal activity. *See Bradford v. Bradford*, 971 S.W.2d 595, 598 (Tex. App.—Dallas 1998, no pet.); *Smith*, 672 S.W.2d at 617. "[A] party who examines witnesses or offers testimony has made an appearance for all purposes." *Bradford*, 971 S.W.2d at 598. A party agreeing to temporary orders and announcing "ready" has made an appearance. *Runberg*, 159 S.W.3d at 198. "On the other hand, a party who is a 'silent figurehead in the courtroom, observing the proceedings without participating,' has not." *Bradford*, 971 S.W.2d at 598 (quoting *Smith*, 672 S.W.2d at 617).

There was no sworn testimony taken at the August 10 setting, but there were statements made to the trial court. It is apparent from the record that Haines conferred with the Blacks' counsel; the record reflects that the Blacks' counsel told the trial court that Haines "doesn't wish to relinquish custody or grant full access and that sort of thing at this point in time." Haines then explained to the court that she had been approved for free legal assistance and had scheduled an appointment to meet with her legal aid attorney the day following the scheduled hearing. Haines asked the trial court for (and was granted) a continuance of the hearing, which was rescheduled for two days later.

While Haines neither announced "ready" nor examined a witness at the original time set for hearing of the temporary orders, her denial of the Blacks' requested relief was explained on the record, and she directly participated in the hearing by answering the trial court's questions, seeking a continuance, and explaining why a continuance was needed. We find that her actions amount to participation in the hearing; therefore, her presence at and her conduct at the hearing amounts to an "appearance," although she filed no written response. Once a party has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the Federal Constitution. *LBL Oil Co.*, 777 S.W.2d at 390–91; *see also* Tex. R. Civ. P. 245

Although she was entitled to notice of the setting of the final hearing, Haines received no actual or constructive notice of it; as a result, she has met the first prong of the *Craddock* test. *See*

12

*Craddock*, 133 S.W.2d at 126. If a defendant did not receive actual or constructive notice of trial, due process prevents the application of the second and third prongs of the *Craddock* test. *See Runberg*, 159 S.W.3d at 199–200 (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988)). Because we find that Haines made an appearance, due process entitled her to notice of the final hearing. *See LBL Oil Co.*, 777 S.W.2d at 390–91; *see also Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 798, 801 (Tex. App.—Corpus Christi 2001, pet. denied) (reversing default judgment against defendant who appeared at temporary injunction hearing but not given notice of default judgment hearing).

Accordingly, we reverse the trial court's final order, set aside the default judgment, and remand to the trial court for a new trial.


Bailey C. Moseley
Justice

Date Submitted:     May 11, 2011
Date Decided:       May 27, 2011

13