ACCEPTED
14-15-00362-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/21/2015 6:27:43 PM
CHRISTOPHER PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

5/21/2015 6:27:43 PM

CHRISTOPHER A. PRINE
Clerk

NO. 14-15-00362-CV

IN THE COURT OF APPEALS
FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

*THE STATE OF TEXAS FOR
THE BEST INTEREST OF AND PROTECTION OF E.E.C.*

On Appeal from the County Court at Law Number Two
of Fort Bend County, Texas
Trial Court No. 15-CMH-002800

BRIEF OF APPELLANT EDWARD E. COLE

MICHAEL KLOSOWSKY
ATTORNEY FOR APPELLANT
State Bar No. 24078796
14015 Southwest Freeway, Suite 14
Sugar Land, Texas 77478
(281) 277 – 8998
(281) 491 – 4707 Fax
Email: mklosowsky@gmail.com

IDENTITY OF THE PARTIES

As required by Rule 38.1(a) of the Texas Rules of Appellate Procedure, the undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.

A.  Parties:

      Appellant/Patient:        EDWARD E. COLE

      Appellee:        THE STATE OF TEXAS

B.  Attorneys:

      For Appellant:        MICHAEL KLOSOWSKY
                              KLOSOWSKY LAW OFFICES
                              14015 SOUTHWEST FREEWAY, SUITE 14
                              SUGAR LAND, TEXAS 77478

      For Appellee:        FORT BEND COUNTY ATTORNEY
                              TRIAL ATTORNEY: MICHELLE RANGEL
                              401 JACKSON ST. 3RD FLOOR
                              RICHMOND, TEXAS 77469

TABLE OF CONTENTS

IDENTITY OF THE PARTIES ……………………………………….. 2

TABLE OF CONTENTS ………………………………………….… 3

INDEX OF AUTHORITIES ……………………………………….. 4

STATEMENT OF THE CASE ………………………………….….. 6

ISSUE PRESENTED FOR REVIEW …………………………….… 6

RELEVANT FACTS …………………………………………….….. 6

SUMMARY OF THE ARGUMENT …………………………….…. 7

ARGUMENT AND AUTHORITIES …………………………….…. 8

 Statement on Jurisdiction …………………………………….….. 8

      A. An appeal of the Trial Court's order was properly brought ……. 8

      B. The issue presented for review is not moot …………………… 9

 Standard of Review: Abuse of Discretion ……………………….… 9

   A. The Trial Court exceeded its authority by committing the

   Patient to a private facility…………………………………… 10

   I. The Statute requires that two specific documents must be

     received by the Court before it may designate a private

     facility in an order for commitment ………………….....……… 10

   II. The record does not contain evidence of the required documents... 11

   B. The error made by the Trial Court is reversible…………………….. 14

   I. The issue on appeal was properly preserved at trial ……………… 14

   II. The wrongful designation of a private facility resulted in an

     improper judgment ……………………………………………… 15

PRAYER ……………………………………………………………… 18

CERTIFICATIONS …………………………………………………… 19

APPELLANT'S APPENDIX ………………………………………… 20

# INDEX OF AUTHORITIES

**Cases**

*Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552
(Tex.App.–Houston [14th Dist.] 2011, pet. denied) .............................. 15

*I.M. Werner v. Colwell*, 909 S.W.2d 866 (Tex. 1995) ...................................... 17

*In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452
(Tex.App.–Dallas 2009, orig. proceeding) ............................................ 17

*In the Interest of N.L.D.*, 344 S.W.3d 33
(Tex.App.–Texarkana 2011, no pet.) ....................................................... 10

*Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931
(Tex.App.–Austin 1987, no writ) ............................................................ 10

*Marathon Corp. v. Pitzner*, 106 S.W.3d 724 (Tex. 2003) ............................... 12

*McCrimmon v. Taylor*, No. 01-08-00644-CV, 2009 WL 417278
(Tex.App.–Houston [1st Dist.] 2009, mem.op.) ..................................... 13

*Parks v. U.S. Home Corp.*, 652 S.W.2d 479
(Tex.App.–Houston [1st Dist.] 1983, writ dism'd) ............................. 10

*Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 499
(Tex.App.–Austin 2003, no pet.) ............................................................ 13

*Salinas v. Rafati*, 948 S.W.2d 286 (Tex. 1997) ............................................... 15

*Sims v. State*, 816 S.W.2d 502
(Tex.App.–Houston [1st Dist.] 1991, writ denied) ............................... 9

*State v. Lodge*, 608 S.W.2d 910 (Tex. 1980) …………………………………… 9

INDEX OF AUTHORITIES CONTINUED

**Statutes and Other Authorities**

Tex. Att'y Gen. Op. GA-0757, 2010 WL 381365 ………..………………. 11

Tex. Health & Safety Code § 552.013 ……………………………………. 16

Tex. Health & Safety Code § 574.041 ……………………………………. 10

Tex. Health & Safety Code § 574.042 ……………………………………. 11

Tex. Health & Safety Code § 574.070 ……………………………………. 8

Tex. R. App. P. 33.1 ………………………………………………….. 14

Tex. R. App. P. 44.1 ……………………………………………………. 15

The reference RR is to the Reporter's Record filed May 4, 2015. The reference CR is to the Clerk's Record filed April 24, 2015. The reference CR Supp. is to the Clerk's Record filed May 7, 2015.

## STATEMENT OF THE CASE

An application for court-ordered temporary mental health services was brought against the Patient. CR 6. At the conclusion of a nonjury hearing on that application, the Trial Court found the Patient is mentally ill and satisfies the criteria for inpatient mental health treatment. CR 32. The Court issued its Order for Temporary In-Patient Mental Health Services, designating a private mental hospital as the location of the Patient's temporary commitment. CR 33. The Patient appeals this designation. CR 38.

## ISSUE PRESENTED FOR REVIEW

Whether the Trial Court erred in designating Oakbend Medical Center, Senior Care Unit, as the facility for commitment in an order for temporary in-patient mental health services when neither an application signed by the patient nor a written agreement from the hospital administrator had been received by the Court.

## RELEVANT FACTS

The Patient, Edward E. Cole, was examined for mental illness by Dr. Owen Capocyan on April 3, 2015. CR 8. Subsequently on April 6, 2015, an Application for Court-Ordered Temporary Mental Health Services for the Patient, signed by Rebecca Johnson, was filed with the Fort Bend County Clerk. CR 6. Rebecca

Johnson is the daughter of the Patient. RR 9. A hearing on the application was held April 13, 2015. RR 1.

At the hearing, Johnson testified in support of the application. RR 9-18. Dr. Matthew Brams, who had examined the Patient, also testified in support of the application. RR 19-28. Additionally, Nora Law, a social worker familiar with the Patient, testified in support of the application. RR 28-33. Through testimony of the witnesses, the State proved the required elements for an involuntary commitment. However, after the close of the State's case, Attorney ad Litem for the Patient moved for judgment denying the application on the basis that the documents required by statute for commitment to a private facility had not been received by the Court. RR 34; CR Supp. 6-9. The Court granted the application and issued the Order the subject of this appeal.[1] RR 36.

## SUMMARY OF THE ARGUMENT

In an order for temporary inpatient mental health services, a court is given discretion in designating the facility to which the patient is committed. If designating a private mental hospital, the statute requires that two specific documents be received by the court. In this case, the Order committing the Patient

---

[1] After issuing its Order for Temporary In-Patient Mental Health Services, the Trial Court granted a Motion for Judgment Nunc Pro Tunc. The amended portion of the order does not affect the issue presented for appeal.

to temporary inpatient mental health services designates a private mental hospital, but neither of the required documents were received. This error resulted in an improper judgment against both the Patient and a nonparty and should be reversed.

ARGUMENT AND AUTHORITIES

Appellant would show that the trial court's designation of treatment facility in the Order for Temporary In-Patient Mental Health Services be reversed for the following reasons:

**Statement on Jurisdiction**

This Court has jurisdiction to review this case.

A. <u>An appeal of the Trial Court's order was properly brought.</u>

This is an accelerated appeal from an Order for Temporary In-Patient Mental Health Services. Section 574.070 of the Texas Mental Health Code provides the statutory basis for appeals from these orders. The statute requires that the appeal be filed in the court of appeals for the county in which the order is entered, and that notice of appeal be filed not later than the 10th day after the date on which the order is signed. The Fourteenth Court of Appeals is a court of appeals for Fort Bend County, the county where the order was entered on April 13, 2015. CR 23. A Motion for Judgment Nunc Pro Tunc was granted and the order amended on April 15, 2015. CR 31. Notice of appeal was filed on April 23, 2015,

within the ten days allowed by law. Therefore, this Court has statutory jurisdiction to hear the appeal from the Order for Temporary In-Patient Mental Health Services.

   B. <u>The issue presented for review is not moot.</u>

The Patient has already received mental health treatment at Oak Bend Medical Center, Senior Care Unit, pursuant to the Order for Temporary In-Patient Mental Health Services. By the time this Court takes action on appeal, the Patient will have completed treatment and will have been discharged from the facility. Even in that situation, this case is not moot because the "collateral consequences" exception to the doctrine of mootness applies to orders for temporary mental health services. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980).

**ISSUE 1: Whether the Trial Court erred in designating Oakbend Medical Center, Senior Care Unit, as the facility for commitment in an order for temporary in-patient mental health services when neither an application signed by the patient nor a written agreement from the hospital administrator had been received by the Court.**

**Standard of Review: Abuse of Discretion**

A trial court's decision regarding treatment is reviewed under an abuse of discretion standard. *Sims v. State*, 816 S.W.2d 502, 508 (Tex.App.–Houston [1st Dist.] 1991, writ denied). A trial court commits an abuse of discretion if it makes an erroneous choice as a matter of law by arriving at its decision in violation of an

applicable statutory, procedural, or common law rule. *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 939 (Tex.App.–Austin 1987, no writ); *In the Interest of N.L.D.*, 344 S.W.3d 33, 39 (Tex.App.–Texarkana 2011, no pet.). In determining whether there has been an abuse of discretion, evidence is viewed in the light most favorable to the action of the trial court. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.–Houston [1st Dist.] 1983, writ dism'd).

A. The Trial Court exceeded its authority by committing the Patient to a private facility.

The designation of Oakbend Medical Center, Senior Care Unit, as the facility of care for the Patient was wrong because the conditions required by law to designate a private facility have not been met.

I. The Statute requires that two specific documents must be received by the Court before it may designate a private facility in an order for commitment.

Orders for involuntary mental health services issued pursuant to Chapter 574 of the Texas Mental Health Code are subject to the statutory requirements of the entire chapter, including Subchapter D: Designation of Facility and Transportation of Patient. Section 574.041 requires the court to commit a patient to a designated inpatient facility. The court may choose from: "(1) a mental health facility deemed suitable by the local mental health authority for the area; (2) a private mental hospital under Section 574.042; (3) a hospital operated by a federal agency under

Page 10

Section 574.043; or (4) an inpatient mental health facility of the Texas Department of Criminal Justice under Section 574.044." Section 574.042 allows the court to commit a patient to a private facility if two required documents are first received: "(1) an application signed by the patient or the patient's guardian or next friend requesting that the patient be placed in a designated private mental hospital at the patient's or applicant's expense; and (2) written agreement from the hospital administrator of the private mental hospital to admit the patient and to accept responsibility for the patient in accordance with [the Texas Mental Health Code]." Section 574.042 is applicable to the Order the subject of this appeal because Oakbend Medical Center, Senior Care Unit (Oakbend), is a private facility "that is operated by an agency or institution that is not affiliated with any governmental body."[2] Tex. Att'y Gen. Op. GA-0757, 2010 WL 381365 at *2.

II. The record does not contain evidence of the required documents.

Despite the statutory requirement, neither of these documents were presented to the Trial Court and they do not appear in the record. A no evidence point of error is sustained when "the record discloses a complete absence of

_____

[2] At trial, witness Nora Law testified that she could not confirm if Oakbend is a private facility because she did not know. RR 33. However, Appellant would show the Court that if Oakbend is not a private facility, then the hearing on the application would have been held in violation of Section 574.012(d), which requires a recommendation for treatment to be on file with the court unless treatment in a private facility is sought, and the Order would be void.

evidence of a vital fact." *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003).

First, no agreement was made by the hospital administrator of Oakbend to admit the Patient and take responsibility for him. The Clerk's Record contains no document that could be construed as a written agreement from the hospital administrator. This requirement was completely ignored by the Trial Court.

Second, as a matter of law, the Application cannot satisfy the first requirement of Section 574.042. The Application for Court-Ordered Temporary Mental Health Services, signed by Rebecca Johnson, could potentially be read as an attempt to satisfy the first requirement. CR 6. Johnson is the daughter of the Patient and is designated as his attorney-in-fact in a power of attorney executed by the Proposed Patient. RR 4. This is the only application for treatment received by the Trial Court, and no other document could be reasonably construed to be an application for treatment. However, this application cannot satisfy the statutory requirements that it be signed by the patient or patient's guardian or next friend and request placement in a private mental hospital at the patient's or applicant's expense.

For one thing, although Applicant is a close family member and agent of the Proposed Patient, she cannot be considered his guardian or next friend because she

has never been appointed as such by a court. A person cannot appoint himself as an individual's next friend. *McCrimmon v. Taylor*, No. 01-08-00644-CV, 2009 WL 417278 (Tex.App.–Houston [1st Dist.] 2009, mem.op.). In appointing a next friend to another adult, courts must follow the same procedure for the appointment of a guardian. *Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 499 (Tex.App.–Austin 2003, no pet.). The record does not contain any reference that the Patient had a guardian or next friend appointed. Furthermore, although there was mention of a power of attorney executed by the Patient that appointed his daughter as attorney-in-fact to make medical and financial decisions, the Application was not submitted on behalf of the Patient. Rather, the Applicant signed the Application in her individual capacity alone for an involuntary commitment against the Patient.

Additionally, the Applicant states that she "has been informed that for the costs and attendant expenses actually paid, the County is entitled to reimbursement by the Proposed Patient." Even if the Court assumes that the Applicant is acting as the Proposed Patient's guardian or next friend, the statement of being informed of the County's entitlement to reimbursement does not rise to the level of a request that the Proposed Patient be placed in a private facility at the Patient's or the Applicant's expense.

Section 574.042 is specific in stating the required documents necessary

before a patient may be committed to a private facility. In this case, neither of those documents were received by the Trial Court. Therefore, the designation of Oakbend Medical Center, Senior Care Unit for inpatient treatment exceeded the discretion given to the Court by Section 574.041.

B. <u>The error made by the Trial Court is reversible.</u>

The Trial Court's error in wrongfully designating a private facility in an order for mental health services can and should be reversed because the issue was preserved at trial and the error resulted in an improper judgment.

I. <u>The issue on appeal was properly preserved at trial.</u>

Tex.R.App.P. 33.1 requires, as a prerequisite to appeal, that the complaint be made to the trial court by a timely request, objection, or motion, and for the trial court to make a ruling. The issue presented in this appeal was raised in the Motion for Judgment asking the Trial Court to deny the Application because the requirements of Section 574.042 had not been met and no other request for designation of facility had been made. The motion was made at the conclusion of the State's case, which had the burden to prove all elements required for the commitment. Although there was no order from the Trial Court specifically denying that Motion, error may be preserved when the trial court rules on a motion implicitly. *See* Tex.R.App.P. 33.1(a)(2)(A). "When parties present cross-motions

that are opposed and mutually exclusive, an order that grants one motion may implicitly deny the other." *Gen. Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex.App.–Houston [14th Dist.] 2011, pet. denied); *see Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997) (granting motion to disregard jury findings automatically denied motion for judgment on those findings). In granting the Application and signing the Order for Temporary In-Patient Mental Health Services, the Trial Court implicitly denied the Motion for Judgment asking the Court to deny the application because both could not be granted.

II. <u>The wrongful designation of a private facility resulted in an improper judgment.</u>

The issue being preserved, a reviewing court must also conclude that the error complained of "probably caused the rendition of an improper judgment." Tex.R.App.P. 44.1(a). No court of review has discussed Section 574.042 or its predecessor, Article 5547-59, Title 92, Texas Civil Statutes, and there is no case law on whether an order should be reversed for failing to meet the requirements under that section. Nevertheless, as a direct result of not observing the statutory requirement, improper judgment was issued against both the Patient and the private facility.

The first requirement, that an application be signed by the patient requesting

treatment in a private facility at the patient's expense, protects the patient's financial interests. In truth, a mental health patient is responsible for the costs of his treatment regardless of the type of facility in which he is receiving that treatment. In a public hospital, the state is responsible for the support, maintenance, and treatment of patient, but is entitled to reimbursement of those costs from a nonindigent patient. Tex. Health & Safety Code § 552.013. However, it is one thing to require a patient to pay a public facility for care which has been ordered for the protection of the patient and the safety of the public. It is a different thing entirely to force a mentally ill person into a contract with a private facility for treatment which the patient wishes to avoid.

The second requirement, an agreement from the hospital administrator accepting responsibility for the patient, protects the facility's interests. Because mental health patients are some of the most vulnerable members of society, the Texas Mental Health Code promulgates a strict set of rules and regulations for their care. Once a patient has been involuntarily committed for mental health services, the facility providing care has many obligations, restrictions, and responsibilities placed on it. The court has a continuing duty to a patient to oversee his treatment (for example, Section 574.087, Texas Mental Health Code requires a discharge certificate to be filed with the court once a patient is released).

Violations of the Texas Mental Health Code are punishable by criminal, civil, and administrative penalties. Section 571.020-.026, Health & Safety Code. Being designated as the facility where a patient is to receive court-ordered mental health treatment subjects the facility to serious liability.

By designating Oakbend Medical Center, Senior Care Unit, as the location where the Patient is to receive his care, the Trial Court has obligated Oakbend to take responsibility for the care and treatment of the Patient. However, Oakbend is not a party to this proceeding, nor has it made an appearance.[3] To make a binding judgment against a hospital treating a mental health patient, a court must have personal jurisdiction over it. *In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 456-57 (Tex.App.–Dallas 2009, orig. proceeding) (finding that the hospital which treated patients under orders for temporary in-patient mental health services was not a party to any of the involuntary commitment proceedings and therefore could not be ordered to pay for such proceedings). The written agreement from the facility administrator, required by law to be received before a patient is committed, would be an effective appearance by a private facility in a commitment

---

[3] Dr. Matthew Brams, treating physician of the Patient at Oakbend, and Nora Law, an employee, both appeared at trial as witnesses for the State and testified that they were there on behalf of Oakbend. However, that did not constitute an appearance, neither by Oakbend nor its administrator, as a party to the proceeding. *I.M. Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex. 1995) (participating as a witness does not constitute a general appearance.).

proceeding, or, at the very least, the agreement would contractually obligate the facility to treat the patient pursuant to the applicable laws. Because Oakbend has not made an appearance in this proceeding, an order binding it to treat a patient pursuant to the Texas Mental Health Code is improper.

As a matter of both law and public policy, this Court should find that designating a private facility in an order for inpatient mental health services without first receiving the documents required by Section 574.042 constitutes reversible error.

## PRAYER

FOR THESE REASONS, Appellant respectfully prays that the Court reverse the Trial Court's designation of Oakbend Medical Center, Senior Care Unit, as the facility for treatment in the Order for Temporary Inpatient Mental Health Services and remand that part of the proceeding for further consideration.

CERTIFICATION OF COMPLIANCE

I certify that the text of this brief contains 3,487 words.

CERTIFICATE OF SERVICE

I certify that on May 21, 2015, this document was served electronically through the electronic filing manager on:

Fort Bend County Attorney        *via Michelle.Rangel@fortbendcountytx.gov*
representing the State of Texas
401 Jackson Street, 3rd Floor
Richmond, Texas 77469

  */s/ Michael Klosowsky*
MICHAEL KLOSOWSKY
ATTORNEY FOR APPELLANT
State Bar No. 24078796
14015 Southwest Freeway, Suite 14
Sugar Land, Texas 77478
(281) 277 – 8998
(281) 491 – 4707 Fax
Email: mklosowsky@gmail.com

APPELLANT'S APPENDIX

ORDER FOR TEMPORARY INPATIENT
    MENTAL HEALTH SERVICES …………………………............… 21


Tex. Health & Safety Code § 574.041 …………….…………………… 23

Tex. Health & Safety Code § 574.042 ………………………………... 23

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| FOR THE BEST INTEREST | § | |
| AND PROTECTION OF | § | AT LAW NO. TWO (2) OF |
| | § | |
| E.C. | § | FORT BEND COUNTY, TEXAS |

## ORDER FOR TEMPORARY
## IN-PATIENT MENTAL HEALTH SERVICES

On this the __15__ day of ___April___, 20_15_, came on to be heard on Application for Court-Ordered Temporary Mental Health Services in the above styled cause, alleging that **EDWARD COLE**, Proposed Patient, hereinafter called "Patient" is mentally ill and meets the criteria for court-ordered mental health services; and no jury having been requested, **MICHAEL KLOSOWSKY**, the attorney representing the Patient, announced ready, and all matters of fact and law were submitted to the Court, the Court finds as follows:

That all necessary notices and copies of the Application have been delivered or served as required by law; that, if applicable, there has been filed with the Court a recommendation for the most appropriate treatment alternatives for the Patient; that all of the terms and provisions of the Texas Health and Safety Code have been complied with; and that the Patient is not a person charged with a criminal offense.

That on file with the Court in this cause are sworn Certificates of Medical Examination for Mental Illness by two physicians as defined by § 571.003(18) of the Texas Health and Safety Code, at least one of whom being a psychiatrist, if one is available in this county, who have each examined the Patient within the preceding thirty (30) days; and that each physician therein states their opinion in detailed basis that the Patient is mentally ill and meets the criteria for court-ordered mental health services.

That after considering all of the evidence, including the Certificates, the recommendation for the most appropriate treatment alternative, if any, and the expert, competent medical or psychiatric testimony, if any, it appears to the Court that the allegations of the Application and Certificates are true and correct and are supported by clear and convincing evidence that the Patient is mentally ill, and as a result of that mental illness:

        is likely to cause serious harm to himself;

    ✓ is likely to cause serious harm to others;

    ✓ is: suffering severe and abnormal mental, emotional or physical distress; experiencing substantial mental or physical deterioration of his ability to function independently which is exhibited by the patient's inability, except for reasons of indigence, to provide for the patients basic needs, including food, clothing, health, or safety; and is unable to make a rational and informed decision as to whether or not to submit to treatment.

It is therefore determined that the Patient is mentally ill and meets the criteria for, and requires court-ordered temporary mental health services and that the same shall be ordered in the least restrictive appropriate setting available. Accordingly, it is **ORDERED** that the Patient be taken to the following mental health facility: **OAKBEND MEDICAL CENTER, SENIOR CARE UNIT**, for in-patient care for a period not to exceed ninety (90) days.

The Clerk of this Court is further **ORDERED** to prepare a certified transcript of this proceeding and, with any available information concerning the medical, social, and economic status and history of the Patient and his family, send it to the facility's personnel in charge of admissions.

SIGNED this _____ day of _____, 20___.

_____
JUDGE PRESIDING

FILED FOR RECORD
NO_____ TIME _10:00_ A.M.

APR 16 2015

County Clerk Fort Bend Co. Texas

33

Texas Statutes
Health and Safety Code
Title 7. Mental Health And Intellectual Disability
Subtitle C. Texas Mental Health Code
Chapter 574. Court-Ordered Mental Health Services
Subchapter D. Designation Of Facility And Transportation Of Patient
**§ 574.041. Designation Of Facility**

(a) In an order for temporary or extended mental health services specifying inpatient care, the court shall commit the patient to a designated inpatient mental health facility. The court shall commit the patient to:

   (1) a mental health facility deemed suitable by the local mental health authority for the area;

   (2) a private mental hospital under Section 574.042;

   (3) a hospital operated by a federal agency under Section 574.043; or

   (4) an inpatient mental health facility of the Texas Department of Criminal Justice under Section 574.044.

(b) On request of the local mental health authority, the judge may commit the patient directly to an inpatient mental health facility operated by the department.

(c) A court may not commit a patient to an inpatient mental health facility operated by a community center or other entity designated by the department to provide mental health services unless the facility is licensed under Chapter 577 and the court notifies the local mental health authority serving the region in which the commitment is made.


**§ 574.042. Commitment To Private Facility**
The court may order a patient committed to a private mental hospital at no expense to the state if the court receives:

(1) an application signed by the patient or the patient's guardian or next friend requesting that the patient be placed in a designated private mental hospital at the patient's or applicant's expense; and

(2) written agreement from the hospital administrator of the private mental hospital to admit the patient and to accept responsibility for the patient in accordance with this subtitle.