

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00448-CV

**IN THE INTEREST OF A.C.M.R.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01227
Honorable Martha B. Tanner, Judge Presiding

Opinion by:      Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: January 23, 2019

REVERSED AND REMANDED

E.H.[1] appeals a final order appointing the Texas Department of Family and Protective Services as the permanent managing conservator of his granddaughter, A.C.M.R. E.H. argues the trial court erred by striking his petition in intervention. The Department concedes E.H. had standing to intervene, but argues the trial court's ruling was proper because E.H.'s intervention would have complicated the issues in this case. The trial court issued findings of fact and conclusions of law, but did not include complication or multiplication of the issues as a basis for its order. We therefore reverse the trial court's order appointing the Department permanent managing conservator of A.C.M.R. and remand for further proceedings.

---

[1] To protect the identity of the minor child, we refer to the appellant and the child by their initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

BACKGROUND

E.H.'s son shot and killed A.C.M.R.'s mother, and was then killed in a shootout with law enforcement. After both A.C.M.R.'s parents died, the Department filed an original petition for conservatorship of A.C.M.R. and her siblings, and to terminate the parental rights of her siblings' fathers. E.H. filed a petition in intervention in August 2017, seeking to adopt A.C.M.R. and have her placed with him. The Department moved to strike E.H.'s petition in intervention on the basis E.H. lacked standing and his intervention would overly complicate the remaining issues in this case. The trial court heard the motion to strike and thereafter signed an order granting the motion.

Upon E.H.'s request, the trial court made findings of fact and conclusions of law regarding the motion to strike. The trial court found A.C.M.R.'s parents were deceased, and E.H. is A.C.M.R.'s biological paternal grandfather. The trial court further found E.H. filed his original petition in intervention on August 2, 2017, and determined E.H. did not have standing to intervene. The trial court's findings of fact and conclusions of law did not find or conclude E.H.'s intervention would overly complicate or excessively multiply the issues in this case. The case proceeded to a bench trial, after which the trial court rendered a final order appointing the Department as A.C.M.R.'s permanent managing conservator. E.H. timely appealed.

DISCUSSION

E.H. argues he has standing to intervene under section 102.003(a)(13) of the Texas Family Code. *See* TEX. FAM. CODE § 102.003(a)(13). Section 102.003(a)(13) provides a basis for standing to intervene if the person "is a relative of the child within the third degree by consanguinity, as determined by Chapter 573, Government Code, if the child's parents are deceased at the time of the filing of the petition." *Id.*; *see In re A.L.H.*, 515 S.W.3d 60, 83 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). Under Chapter 573 of the Texas Government Code, a grandfather is a relative of a grandchild within the third degree by consanguinity. *See* TEX. GOV'T CODE.

§ 573.023(c); *In re N.L.D.*, 344 S.W.3d 33, 38 (Tex. App.—Texarkana 2011, no pet.). The record and trial court's findings establish E.H. is a relative of A.C.M.R. within the third degree by consanguinity, as determined by Chapter 573, Government Code, and A.C.M.R.'s parents were deceased at the time of the filing of the petition.

The Department concedes E.H. had standing to intervene, stating, "When the Department filed its suit, the parents were deceased. Pursuant to section 102.003(a)(13), Appellant had standing. Moreover, this court's own precedent supports intervention under section 102.003." The Department further states, "Because Appellant had standing under this court's precedent, the question then turns to whether the . . . intervention excessively multiplies the issue[s] in the case." However, the sole basis for the trial court's order contained in the findings of fact and conclusions is that E.H. lacked standing. As a result, E.H. may prevail on appeal by establishing he had standing. *See Rampart Capital Corp. v. Maguire*, 974 S.W.2d 195, 197 (Tex. App.—San Antonio 1998, pet. denied); *see also* TEX. R. CIV. P. 299; *Kaftousian v. Rezaeipanah*, 511 S.W.3d 618, 623 (Tex. App.—El Paso 2015, no pet.). Because the trial court did not include over-complication or excessive multiplication of the issues as a basis for its order granting the Department's motion to strike, that ground cannot support the trial court's order on appeal.

## CONCLUSION

The sole ground on which the trial court granted the Department's motion to strike was that E.H. lacked standing to intervene. As the State concedes on appeal, the trial court's findings establish E.H. had standing to intervene at the time he filed his petition in intervention. We hold the trial court erred by granting the Department's motion to strike E.H.'s petition in intervention. We therefore reverse the part of the trial court's order naming the Department as A.C.M.R.'s permanent managing conservator, and remand the case for further proceedings.

Luz Elena D. Chapa, Justice