# NO. 12-23-00128-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 173RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *K. J., A CHILD* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

Appellant, T.K., appeals the termination of her parental rights and argues that the trial court erred in permitting the foster parents to intervene because they lacked standing, rendering the termination order void. We affirm.

## BACKGROUND

T.K. is the mother of K.J. K.J.'s father is deceased. On January 10, 2022, the Department of Family and Protective Services (the Department) filed an Original Petition for Protection of Child, for Conservatorship, and for Termination in a Suit Affecting the Parent-Child Relationship. On January 9, 2023, K.J.'s foster parents, J.B. and H.B. (Intervenors), filed a Petition in Intervention in Suit Affecting Parent-Child Relationship (the Petition), wherein they alleged that they had been K.J.'s foster parents for at least twelve months and contended that appointment of T.K. as conservator would not be in K.J.'s best interest, as such appointment would significantly impair K.J.'s physical health and/or emotional development. At the pre-trial hearing on January 27, 2023, T.K.'s counsel objected to Intervenors' participation, arguing both that they neither sought nor received leave of court to intervene, and that they had not met the statutory evidentiary threshold set out in Texas Family Code Section 102.004(b). Counsel for all parties appeared to have differing opinions on the applicable statutory requirements for intervention, whether Intervenors met those requirements, and whether T.K. was required to

1

move to strike Intervenors' petition for the court to consider Intervenors' standing. The trial court ultimately stated, "At this point . . . I'm going to err on the side of caution, and I'm going to allow [Intervenors' counsel] to remain in the case. If you have a motion to strike that you would like to file, we will certainly take it up." T.K. did not file a motion to strike before trial.

Intervenors, through their counsel, participated in the trial beginning April 10, 2023, and both J.B. and H.B. testified. At the conclusion of the trial, the associate judge found, by clear and convincing evidence, that T.K. engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsections (D) and (E) of Texas Family Code Section 161.001(b)(1) and failed to comply with the court order specifying the actions necessary for T.K. to obtain the return of K.J. under Section 161.001(b)(1)(O). The Associate Judge also found that termination of the parent-child relationship between T.K. and K.J. was in the child's best interest. Based on these findings, the associate judge (1) ordered that the parent-child relationship between T.K. and K.J. be terminated, and (2) appointed Intervenors as permanent managing conservators of the child. This appeal followed.

<h3 style="text-align:center">STANDING OF INTERVENORS</h3>

In her sole issue, T.K. argues that Intervenors did not properly establish standing in the termination proceeding to seek conservatorship of K.J., and therefore the termination of T.K.'s parental rights is void.

## Standard of Review

A party seeking conservatorship of a child must have standing to do so. *In re McDaniel*, 408 S.W.3d 389, 396 (Tex. App.—Houston [1st Dist.] 2015, orig. proceeding). Because standing is implicit in the concept of subject matter jurisdiction, it is a threshold issue in a conservatorship proceeding, and a trial court should determine whether a party has standing before reaching the merits of the dispute. *In re N.L.D.*, 344 S.W.3d 33, 37 (Tex. App.—Texarkana 2011, no pet.); *In re SSJ-J*, 153 S.W.3d 132, 134 (Tex. App.—San Antonio 2004, no pet.). A party's lack of standing deprives the court of subject matter jurisdiction and renders subsequent trial court action void. *In re Smith*, 260 S.W.3d 568, 572 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding). Whether a trial court has subject matter jurisdiction is a question of law, which we review de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *In re K.D.H.*, 426 S.W.3d 879, 882 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In our review,

we must take as true all evidence favorable to the challenged party, indulge every reasonable inference, and resolve any doubts in the challenged party's favor. ***McDaniel***, 408 S.W.3d at 397. When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis. ***In re K.D.H.***, 426 S.W.3d at 883. Thus, the party seeking relief must allege and establish standing within the parameters of the language used in the relevant statute. ***In re H.G.***, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, pet. denied).

## Applicable Law

Generally, the Texas Rules of Civil Procedure permit any party to intervene in a pending lawsuit by filing a pleading, subject to being stricken for sufficient cause upon motion of a party. TEX. R. CIV. P. 60. However, the Texas legislature promulgated a *separate* provision governing interventions in family law cases that explicitly sets out the circumstances under which a non-parent has standing to ask a trial court's permission to intervene in a suit affecting a parent-child relationship. TEX. FAM. CODE ANN. § 102.004 (West 2023); *see **L.J. v. Tex. Dep't of Family & Protective Servs.***, No. 03–11–00435–CV, 2012 WL 3155760, at *8 (Tex. App.—Austin Aug. 1, 2012, pet. denied) (mem. op.). The legislature further empowered trial courts with the discretion to determine whether to allow an intervention even when the statutory requirements are met. TEX. FAM. CODE ANN. § 102.004(b). This provision provides the method by which grandparents or "other person[s]" may intervene in an ongoing suit seeking managing or possessory conservatorships. ***Spurck v. Texas Dep't of Fam. & Protective Servs***., 396 S.W.3d 205, 217 (Tex. App.—Austin 2013, no pet.). Under Section 102.004(b), "if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator . . . would significantly impair the child's physical health or emotional development," the trial court may grant a grandparent or "other person whom the trial court finds to have had substantial past contact with the child" leave to intervene in a pending suit filed by "a person authorized to do so under this subchapter[.]" TEX. FAM. CODE ANN. § 102.004(b). Additionally, a foster parent may only be granted leave to intervene if the foster parent would have standing to file an original suit as provided by Section 102.003(a)(12), meaning that the foster parent must have been serving in that capacity for at least twelve months, ending not more than ninety days before the foster parent files a petition for intervention. *Id.* at §§ 102.003(a)(12) (West 2023), 102.004(b-1).

**Analysis**

T.K. argues that Intervenors lacked standing because they (1) failed to request leave of court to intervene, and (2) did not provide satisfactory proof that an appointment of T.K. as sole managing conservator would significantly impair K.J.'s physical health or emotional development. When, as here, the trial court does not make separate findings of fact and conclusions of law regarding standing, we imply the findings necessary to support the judgment and we review the entire record to determine if the trial court's implied findings are supported by any evidence. *Mauldin v. Clements*, 428 S.W.3d 247, 262–63 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (applying "implied findings" method to standing in custody proceeding under Section 102.004). As discussed below, we imply a finding that Intervenors met the requirements for intervention by foster parents under Section 102.004.

Section 102.004(b)'s plain language requires an intervenor to request leave to intervene in a suit affecting the parent-child relationship. *In re T.H.*, 650 S.W.3d 224, 236 (Tex. App.—Fort Worth 2021, orig. proceeding); *In Int. of A.T.*, No. 14-14-00071-CV, 2014 WL 11153028, at *8 (Tex. App.—Houston [14th Dist.] July 15, 2014) (mem. op.). In this case, Intervenors did not move for leave of court to intervene before filing the Petition. However, a trial court may reasonably view the filing of a petition for intervention as a request for leave to intervene as required under Section 102.004(b), so the lack of a formal request is not dispositive. *In Int. of A.T.*, 2014 WL 11153028, at *9.[1] Additionally, Intervenors alleged in the Petition that they were K.J.'s foster parents at the time of filing and had been her foster parents for longer than twelve months. Because of the length of K.J.'s placement with Intervenors at the time they filed the Petition, Intervenors would have had standing to file an original suit under Section 102.003(a)(12), and consequently meet the additional requirement for intervening foster parents in Section 102.004(b-1).

In addressing whether Intervenors satisfied the other prerequisite of Section 102.004(b), we look to our sister court's discussion of Section 102.004(a) in *In re K.D.H.*. Sections 102.004(a) and 102.004(b) both contain unique language conditioning the ability to intervene on the proffer of "satisfactory proof to the court" concerning particular intervention requirements. These provisions are unusual because the statutory language confers standing on certain persons

---

[1] The trial court did not explicitly grant Intervenors leave to intervene, but stated that they would be permitted to remain in the case.

based on the existence of proof, rather than the existence of facts. ***In re K.D.H.***, 426 S.W.3d at 885. Specifically, to establish standing to intervene in a pending suit, the statute requires a person to (1) demonstrate "substantial past contact with the child;" and (2) provide "satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development."[2] TEX. FAM. CODE ANN. § 102.004(b). And under Section 102.004(b), as in Section 102.004(a), the trial court acts as a gatekeeper in assuring that "satisfactory proof" exists. *See **In re K.D.H.***, 426 S.W.3d at 885; ***In Int. of A.T.***, 2014 WL 11153028, at *9. "Satisfactory proof," as previously defined by courts interpreting Section 102.004, is "proof established by a preponderance of the evidence as the facts existed at the time the suit or intervention was filed." ***Rolle v. Hardy***, 527 S.W.3d 405, 417 (Tex. App.—Houston [1st Dist.] 2017, no pet.); ***In re S.M.D.***, 329 S.W.3d 8, 13 (Tex. App.—San Antonio 2010, pet. dism'd). The party seeking to intervene bears the burden of establishing satisfactory proof, and to make the showing required by Section 102.004(b), the nonparent must offer evidence of specific acts or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child. ***Mauldin***, 428 S.W.3d at 263; ***In re S.M.D.***, 329 S.W.3d at 16. The evidence must support a logical inference that the specific, identifiable behavior or conduct will probably result in the child being emotionally impaired or physically harmed, and evidence that merely raises a surmise or speculation of possible harm is insufficient to establish that inference. ***Mauldin***, 428 S.W.3d at 264.

Although the trial court did not make express findings of fact, it impliedly found that when Intervenors filed the Petition in January 2023, T.K.'s appointment as managing conservator would significantly impair K.J.'s physical health or emotional development. Intervenors' Petition states generally that appointment of T.K. as managing conservator would significantly impair K.J.'s physical health or emotional development, and thereafter specifies, "Preceding the filing of this suit, [T.K.] has engaged in a history or pattern of child neglect." The Petition is not verified and is not accompanied by any affidavits or exhibits, and Intervenors did not testify related to the allegations in the Petition prior to the trial court's decision permitting them to intervene (even subsequent to objection to their intervention from T.K.'s

---

[2] T.K. does not dispute that Intervenors had the requisite "substantial past contact" with K.J., as required by Section 102.004(b).

counsel). However, in reviewing the trial court's implied finding that satisfactory proof existed as required by Section 102.004(b), we review the *entire* record to determine if any evidence supports this finding. *Id*. In this case, the record supports he implied finding that appointment of T.K. as managing conservator would significantly impair K.J.'s physical health or emotional development.

The affidavit attached to the Department's Original Petition states that in January 2022, the Department received allegations that T.K. and her boyfriend used methamphetamine while caring for K.J., and a domestic violence incident between the two adults resulted in injuries to K.J.'s face. Department records indicated that a child was previously removed from T.K.'s custody because of drug use and domestic violence. T.K. admitted to Department personnel that her boyfriend did hit K.J., but stated that it was accidental. T.K. further admitted that she used marijuana that day. Upon searching the room, law enforcement located numerous items of drug paraphernalia and noted a "needle mark" on T.K.'s inside elbow. Department personnel removed K.J. because T.K. was arrested and no other suitable caregiver could be located. Subsequent reports from the Department indicate that T.K. was not making progress on the terms of the Family Plan of Service that would permit reunification with K.J.; she did not obtain stable housing or employment, begin parenting classes or domestic violence courses, or consistently attend substance abuse counseling. Certified records from Texas Alcohol and Drug Testing Service dated September 22, 2022, indicate that T.K. was not cooperating with required drug testing. At the hearing on January 27, 2023, Lakeshia Cooper (K.J.'s caseworker) testified that T.K. had not completed any "services" related to the Family Plan of Service, including drug testing, since December 2022.

At the final hearing, T.K. testified that she was living with a male friend who had "been to prison," had drug-related criminal history, and was recently arrested for driving without a license. The last time she used methamphetamine was September 3, 2023. She further stated that she planned to move to Colorado as soon as the matter of K.J.'s custody concluded and her probation officer gave approval for the move. Demetria Daniel, K.J.'s former caseworker, testified that T.K. did not prove that she could be stable and provide for K.J.'s basic needs, because she did not stay sober, maintain employment, or acquire stable housing. Daniel was also concerned by T.K.'s propensity for missing visits with K.J. and believed overall that it would be in K.J.'s best interest for T.K.'s parental rights to be terminated. Cooper testified T.K. was

unresponsive to communication attempts, still lacked a stable home, refused to drug test, and made no progress toward completing the requirements of the Family Plan of Service. She concurred that termination of T.K.'s parental rights was in K.J.'s best interest.

The record establishes specific actions and omissions that demonstrated that awarding T.K. custody would result in physical and emotional harm to K.J. Therefore, we conclude that a preponderance of the evidence supported the trial court's implied finding that T.K. was not, at the time of the intervention, a suitable person to have custody of K.J. and that appointing her as managing conservator would have significantly impaired K.J.'s physical health and emotional development. *See* TEX. FAM. CODE ANN. § 102.004(b); *In re S.M.D.*, 329 S.W.3d at 14. Accordingly, the trial court did not err in finding that Intervenors had standing to intervene in the suit. We overrule T.K.'s sole issue.

## DISPOSITION

Having overruled T.K.'s sole issue, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 23, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 23, 2023**

**NO. 12-23-00128-CV**

**IN THE INTEREST OF K. J., A CHILD**

---

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. FAM21-0791-173)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*